### DENT v. NATIONAL LIFE & ACCIDENT INS. CO. OF TENNESSEE.
(No. 9174.)

Court of Civil Appeals of Texas. Galveston.
May 3, 1928.

1. **Appeal and error** ⬤⟳690(2)—Assignment to introduction of evidence will not be sustained in absence of showing in record that evidence was in fact introduced.

Assignment of error to admission of evidence will not be sustained in absence of showing in record that such evidence was in fact introduced therein by statement of facts accompanying record or bill of exception.

2. **Insurance** ⬤⟳659(2)—Ex parte statements and affidavits held inadmissible to show insured committed suicide.

In action on health and accident policy, ex parte copy of coroner's inquisition showing that insured met his death as result of suicide held inadmissible, together with ex parte affidavit of another and ex parte copy of vital statistics of city showing that death resulted in such manner.

3. **Insurance** ⬤⟳640(3)—Suicide must be specially pleaded.

In action on health and accident policy, evidence that insured committed suicide within exception exempting insurer from liability held insufficient to support judgment denying recovery in absence of special plea of such affirmative defense, since insurer relying on exemption clause must specially plead facts bringing itself thereunder.

---

**4. Insurance ⟨key⟩133(1)—Health and accident policy held not governed by law dealing with life insurance (Rev. St. 1925, arts. 4732, 4733).**

Health and accident policy as distinguished from life policy is not governed by Rev. St. 1925, arts. 4732, 4733, as to contents of policy dealing solely with life insurance.

Appeal from Galveston County Court; E. B. Holman, Judge.

Suit by Thomas H. Dent, administrator of the estate of John E. McGuire, deceased, against the National Life & Accident Insurance Company of Tennessee. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. J. Durham, of Sherman, and Thos. H. Dent, of Galveston, for appellant.

Terry, Cavin & Mills, of Galveston, for appellee.

LANE, J. This suit was instituted by Thomas H. Dent, administrator of the estate of John E. McGuire, against the National Life & Accident Insurance Company of Tennessee to recover upon an accident insurance policy issued by said insurance company to John E. McGuire, and for statutory damages, interest, and attorney's fees.

The plaintiff alleged the issuance of the policy on the 3d day of July, 1924; that all premiums due thereon had been paid; that the insured died on the 1st day of June, 1927, as a result of external violence while the policy was in full force and effect; that all proofs required by the terms of the policy had been made; that demand had been made upon the defendant for payment of the sum due upon the policy; and that such demand had been refused. His prayer was for judgment for $500, the face of the policy, for interest thereon from July 7, 1927, for 12 per cent. statutory damages, and for $196.66 as attorney's fees.

Defendant answered by general demurrer and by general denial only.

There is no statement of facts with the record, but the judge, before whom the cause was tried without a jury, filed his findings of fact and conclusions of law wherein he found that the policy was issued as alleged by plaintiff; that the policy was a health and accident policy, and that all premiums due thereon had been paid, and that it was in full force and effect at the time of the death of the insured, which he finds occurred on the 1st day of July, 1927, from the effects of a gunshot wound intentionally inflicted by the insured upon himself with suicidal intent; that said health and accident policy contained a provision that the policy was to be of no force or effect if the insured committed suicide. He found that the plaintiff, Dent, was the duly

appointed and qualified administrator of the estate of the deceased, John E. McGuire.

The conclusions of law were as follows:

"(1) The clause in said health and accident insurance policy providing that death by suicide was not covered and relieving and absolving the insurance company from liability on said policy in event of suicidal death of the insured is a valid and enforceable provision under the laws of Texas.

"(2) It being established by proof, and found by the court, that insured's death was suicidal, there is no liability on the insurance company on said policy, and no recovery can be had thereon."

Upon the facts found and conclusions reached the court rendered judgment that Thomas H. Dent, administrator, recover nothing by his suit, and that the insurance company go hence and recover its costs against Dent. From such judgment Dent has appealed.

Appellant insists that the court erred in permitting appellee to introduce in evidence, over his objection, first, a written ex parte statement prepared by R. M. Kupsa, a coroner, who held an inquest over the body of John E. McGuire, wherein it is substantially stated that he found that McGuire had committed suicide; second, an ex parte affidavit made by appellant, Dent, to the effect that John E. McGuire killed himself; third, an ex parte copy of the vital statistical report of the city of Galveston, wherein it is stated that McGuire came to his death as the result of a "gunshot wound, suicidal. [Inquest signed] R. M. Kupsa, J. P."

The objections urged to the several papers were, respectively, as follows: (1) "Because the ex parte copy of the coroner's inquisition tends to prove an issue which was not raised by the pleadings;" (2) "because the ex parte affidavit of Thomas H. Dent tends to prove an issue which was not raised by the pleadings;" and (3) "because the ex parte copy of the vital statistics of the city of Galveston tends to prove an issue which was not raised by the pleadings," and therefore none of them were admissible in evidence.

There is nothing in the record whatever to show that any such papers were in fact introduced in evidence. No statement of facts accompanies the record, nor is there any bill of exception in the record.

[1, 2] In this state of the record, we are not prepared to sustain appellant's complaint. Fort Worth Mutual Benefit Association v. Jennings (Tex. Civ. App.) 283 S. W. 910. But in view of the fact that the judgment must be reversed upon grounds to be hereinafter stated, we deem it advisable to state that the papers mentioned are clearly not admissible to prove that the insured committed suicide, nor to prove any other fact raised by the pleadings.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In 37 C. J. § 436, p. 633, it is stated that the weight of authority is against the admissibility of the verdict and the evidence taken at the inquest, in an action on a policy, to show the cause of the insured's death, such as to show that he came to his death by suicide, unless it is rendered admissible by the terms of the policy; that under such rule the coroner's verdict and record of the inquest are not admissible as to cause of death. In support of the rule stated, decisions of many states are cited, among which are Metropolitan Life Co. v. Wagner, 50 Tex. Civ. App. 233, 109 S. W. 1120; Texas Mutual Life Co. v. Brown, 2 Posey, Unrep. Cas. 160.

In Boehme v. Sovereign Camp, W. O. W., 98 Tex. 376, 84 S. W. 422, 4 Ann. Cas. 1019, Judge Gaines, speaking for our Supreme Court in a very exhaustive opinion, in answer to a certified question as to whether the record of the inquest proceedings containing the findings of the coroner that an insured came to his death by his own hands was admissible in evidence to prove that fact, said:

" 'Law writers, of late, have frequently animadverted upon the carelessness with which such inquests are frequently conducted, and to allow inquisitions to be used in a suit between private parties upon a cause of action growing out of the death of the deceased, as in this case, would be to introduce an element of uncertainty into the practice which, we think, would be contrary to public policy, and pernicious in the extreme; and for these reasons we conclude upon careful consideration, that the safer and better rule is to exclude such inquisitions.' Germania, etc., Ins. Co. v. Lewin, 24 Colo. 43 [51 P. 488, 65 Am. St. Rep. 215]."

It is unnecessary to discuss in detail our reasons for holding that the other papers mentioned are not admissible to prove any issue raised by the pleadings.

By his sixth assignment, appellant insists that the trial judge erred in basing his judgment upon his finding that the insured met death at his own hands, with suicidal intent, because appellee did not plead suicide as a defense.

We have already stated that appellee's only defensive plea was one of general denial. In 37 C. J., § 200, p. 610, the rule is stated that all affirmative defenses must be specially pleaded, such as the defense that the insured was not in good health at the time the policy was delivered; that insured made certain false statements to procure the issuance of the policy, etc.; that where the insurer relies on a clause of the policy exempting it from liability in case insured's death was caused by an excepted risk, it must specially plead the fact so as to bring itself within such clause.

We must presume from the finding of the court that, by the express terms of the policy, it was to be of no force and effect if the death of the insured resulted from suicide, that the policy was before the court, and it is manifest that the trial court rendered judgment solely upon his finding that the insured committed suicide. It is thus made to appear by the record that the court based his judgment in favor of appellee upon a defense not pleaded by it.

[3] It may be admitted that there was evidence showing that the exception exempting appellee from liability in case the insured committed suicide was a condition in the policy and that the insured did commit suicide, still such showing would not have entitled appellee to a judgment in its favor in the absence of a plea setting up such proved facts as a defense to the plaintiff's suit upon the policy. Evidence admitted without basis in the pleadings is outside the issue in the case and cannot support any judgment.

We think appellant's sixth assignment presents fundamental error and such error as should cause a reversal of the judgment and a remand of the cause, and it is so ordered.

[4] In view of another trial we deem it advisable to state that, the policy being an accident and health policy as distinguished from a life policy, it is not governed by the law announced in articles 4732 and 4733 of Revised Statutes of 1925.

Reversed and remanded.