LEWIS v. CONNECTICUT GENERAL LIFE INS, CO.

No. 2936.

Court of Civil Appeals of Texas. Beaumont.
May 21, 1936.

Rehearing Denied May 27, 1936.

500

D. E. O'Fiel, of Beaumont, for appellant.

·Orgain, Carroll & Bell, Ewell Strong, and John G. Tucker, all of Beaumont, for appellee.

O'QUINN, Justice.

Appellant, March 16, 1934, filed two suits against appellee to recover for total and permanent disability in the sum of $4,000 on what are designated as group policies Nos. G5309 and G5545. He alleged that appellee, Connecticut General Life Insurance Company, issued its policies No. G5309 and G5545 to the Gulf Oil Corporation of Pennsylvania, whereby it insured all of the employees of said Gulf Oil Corporation and the employees of its subsidiary and affiliated companies, of which the Gulf Refining Company at Port Arthur, Tex., was one, against death and against permanent total disability; that he was an employee of the Gulf Refining Company and was covered by said policies, and entitled to recover thereon in the sum of $4,000; that on and prior to March 20, 1930, while he was an employee of said Gulf Refining Company, and while said insurance policies were in full force and effect, by reason of sickness and disease (fully pleading same), he became totally and permanently disabled to work, whereby appellee became liable to pay to him the said sum of $4,000, demand for which had been made, but payment refused.

He further alleged that prior to the termination of his employment he gave no-tice to his employer (Gulf Refining Company) of his total and permanent disability, and that at all times thereafter his said employer had actual notice of such disability; and, in the alternative, that within 60 days after the termination of his employment he gave said company written notice of his said disability; that, if he was mistaken in his allegation that his said employer had actual knowledge of his said disability after the date of the termination of his employment, and was mistaken in his allegation that written notice of his disability was given to his employer within 60 days after his employment ceased, then, in the alternative, he alleged that he did not know or realize his total and permanent disability, or discover same within 60 days after the termination of his said employment; and that thereafter, when he did discover or come to know of his total and permanent disability, he did within 60 days after discovering such disability give notice to his said employer in writing of such disability.

He further alleged that more than 60 days. before the filing of the suit he made, furnished, and delivered to his said employer, the Gulf Refining Company, on blank form furnished for that purpose, proof in writing of his said disability; that he "prepared and signed a demand in writing to the said Company at its Home Office in Hartford, Connecticut, and to said Employer, Gulf Refining Company, at Port Arthur, Texas, for the payment to," etc., and that said demands were duly delivered to and received by said company and said employer, but that said company and said employer definitely and in writing rejected said claim and disclaimed liability under said policies and certificates issued thereunder.

He further alleged, in excuse for not sooner making proof of loss, that "the original of the· said policy in suit herein is in the possession of the defendant, or of the Gulf Oil Corporation of Pennsylvania, and are in another state; that plaintiff has never seen the same, nor been permitted an inspection thereof, and until he placed his claim in suit with his attorney, did not know that such provision was in such policy requiring the filing of proof of claim with the defendant as a condition precedent to the institution of suit; that as soon as he learned of such provision,

he filed his said proof of loss with the defendant company; that the said policy nor none of its provisions, which are in suit, provides for a forfeiture of right under the said policy by plaintiff, and those similarly situated, in the event a proof of loss is not furnished, that no prejudice, harm or injury has resulted to the said defendant by reason of the failure, if any, to file proof of loss sooner than plaintiff did, that after receiving said proof of loss and notice of plaintiff's claim herein, that said defendant company, through its agents and representatives, made its own private investigation, and thereafter denied liability in this cause, and are now contesting plaintiff's claim."

Appellee answered by general demurrer, various special exceptions, and general denial. It specially answered: (a) Denying that appellant was insured up to March 20, 1930, but that his alleged insurance under each of the alleged policies had ceased prior to said date and terminated and was in all things canceled prior thereto; (b) that each of said policies, G5309 and G5545, and all benefits thereunder, were conditioned upon receipt of due proof of loss, and that no such proof, or proof of any kind, had been made to or received by appellee, wherefore appellant was not entitled to recover; (c) that policy G5545 required that notice of claim for insurance under said policy must be given by claimant to appellee within 2 years of the termination of appellant's employment, which notice had not been given, hence no recovery under said policy could be had; (d) that both policies, G5309 and G5545, provided that the insurance of any employee insured thereunder ceased and terminated when such employee ceased to be an employee, and that the insurance on appellant, Lewis, under the terms of said policies, terminated and was canceled on February 25, 1930, when appellant was laid off and discharged by his employer, Gulf, Refining Company, in a general reduction of the number of employees at said time, and appellant then ceased to be an employee of said employer; and that thereafter appellant was never reinstated, reemployed, or reinsured under said policy; (e) that, if appellant ever became totally and permanently disabled, he became so after February 25, 1930, at a time when neither of the said policies was in force; and (f) that, if appellant ever had a cause of action on either of said policies, same

was barred by the 4-year statute of limitation. The portions of appellee's answer relating to the making of due proof of loss and the want of notice•within 2 years after appellant's ceasing to be an employee of claim for insurance under policy G5545 were duly verified.

The causes were consolidated, and tried to a jury, but at the conclusion of the evidence the court instructed a verdict for the defendant, insurance company, which was returned, and judgment rendered for appellee. Motion for a new trial was overruled, and the case is before us on appeal.

■ That appellee, the insurance company, issued insurance policies Nos. G5309 and G5545, by virtue of which appellant was insured, and that appellant was an employee of the Gulf Refining Company, while said policies were in effect prior to and up to the date appellant was discharged and ceased to be an employee, was without dispute, and so the court did not err in not submitting these issues to the jury. Matters not in dispute should not be submitted to a jury for a finding, and appellant's assignments against the nonsubmission of these issues are overruled.

■ We overrule appellant's assignments that the court erred in not submitting to the jury issues, (a) as to whether appellant made proof of loss of his disability to appellee; and (b) whether such proof was "due proof" within the requirement of the policies. Appellant alleged and contends that he became totally and permanently disabled to work on about March 20, 1930. If it be conceded that he did so become disabled, still it is undisputed that no proof of loss was made or attempted to be made until May 7, 1935—5 years, 1 month, and 11 days after the happening of the loss. The policies contain a provision that it would, on due proof of loss, pay the amount of insurance contracted to be paid for total and permanent disability. The policies did not prescribe any time in which the proof of loss should be made. When no time within which proof of loss is to be made is stipulated in the policy, the law requires that such proof shall be made within a reasonable time after the occurrence of the loss. Compliance with this requirement was a condition precedent to a recovery on the policy. 24 Tex.Jur. § 279, p. 1090. What is a reasonable time in which to make proof of loss is a question of law for the court and

not a question of fact for the jury. Much less time than is here shown has been held unreasonable delay in this state. Travelers' Ins. Co. v. Scott (Tex.Civ.App.) 218 S.W. 53 (1 year, 5 months) (writ refused); Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex.Com.App.) 244 S.W. 113 (1 year, 9 months); Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 160 S. W. 330, 222 S.W. 966 (10 months). These decisions are that proof of loss made after the expiration of a reasonable time after the loss occurs does not comply with the requirement for "due proof of loss." What we have said applies to both policies, G5309 and G5545.

As an excuse for not sooner making proof of loss, appellant pleaded and testified that he did not know that the policies under which he was insured required him to make proof of loss until he placed his claim in the hands of his attorney for suit, and that as soon as he learned this he made such proof. The record discloses that appellant consulted his lawyer "sometime in the spring of 1934." The suit was filed March 16, 1934, but proof of loss was not made until May 7, 1935, more than a year after suit was filed. In any event, appellant could not plead ignorance of the requirement of proof of loss, for in that the certificates issued to him under the policies stated that they were issued "under and subject to the terms and conditions of the above mentioned" policies, and by the exercise of reasonable diligence he could have fully informed himself of the provisions and conditions of the policies. We do not believe it should be said that appellant could neglect for more than 4 years to pursue the information at hand that would have led him to all information necessary to fully advise him of his rights under the policies, and then be heard to excuse his lack of diligence on the ground of ignorance of the contents of his insurance certificates and the policies by virtue of which they were issued.

■ Insurance under policy G5309 was free to appellant. It was furnished by his employer; he paid nothing for it. The policy and the certificate issued to appellant thereunder specifically provided that this insurance should cease at and when his employment ceased. February 24, 1930, was the last day he worked. On that day, he, with a large number of other employees, was let out or discharged in the reduction of employees by the Gulf Refining Company. His insurance under that policy then ceased to be in force. He made no effort to convert the policy. He was not thereafter in any manner reinsured by appellee. If he became disabled about March 20, 1930, it was after his insurance under said certificate ceased. So for this reason he was not entitled to recover thereon, and the instructed verdict was correct.

■ Insurance under policy G5545 was partly paid for by appellant; he paid $7.20 a year on the $1,000 of insurance. His employer, Gulf Refining Company, deducted 60 cents a month from his wages and remitted same to cover the premium. This policy likewise provided that this insurance would cease at and when appellant's employment ceased. As his employment ceased on February 24, 1930, that was the last day his insurance was in force. It contained a provision that at the termination of employment the employee could convert, upon proper application, his policy into a new one, but appellant made no effort to do so, and thus his insurance ended and was of no force after its cancellation on February 25, 1930. But appellant says that 31 days of grace existed under the policy in which to make payment of further premiums on said policy, during which period of time the policy was in force, and that, as he became totally and permanently disabled before the expiration of said 31 days, he was entitled to recover. A sufficient answer to this contention is that, when he was discharged and ceased to be an employee on February 24, 1930, and received his pay check for said last payment of wages on February 25, 1930, he then and there accepted and received from his employer a refund of the unearned portion of the last premium paid, and thus finally and completely ended his said insurance, and agreed to the cancellation of all insurance under this policy. Moreover, while the policy contained a provision that it might be renewed from year to year by insured's payment, within the days of grace, of the premium for the amount of insurance renewed, appellant made no application for nor effort of any kind to renew the policy after its expiration, and so under the terms of the policy the 31 days of grace were of no avail to him. Further, the certificate under both policies specifically provided "this insurance is not in effect during the thirty-one days granted for conversion, as

it automatically ceases at termination of employment."

■ Furthermore, this not being a case of lapse of insurance for failure to pay premiums, but of termination of the insurance in accordance with the provisions of the policies, it is not believed that the 31 days of grace claimed by appellant has application. Appellant failing to avail himself of the right, under the provisions of the policies, to extend, convert, or renew the insurance, the days of grace for the payment of premiums add nothing to the strength of appellant's claim. Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S.W.(2d) 25; Schooley v. Metropolitan Life Ins. Co. (Tex.Civ.App.) 77 S.W.(2d) 886; Missouri State Life Ins. Co. v. Hinkle, 18 Tenn.App. 228, 74 S.W.(2d) 1082; Aetna Life Ins. Co. v. Catchings (C.C.A.) 75 F.(2d) 628.

■ Again, policy G5545 provided that "no action shall be instituted against the company by any employee upon any claim under this policy unless the said employee shall have given notice to the company of such claim within two years after the termination of his employment." No such notice was given, and, this being a condition of the policy necessary to recovery, for this reason also the judgment of the court, as applied to this policy, was correct. Connecticut General Life Ins. Co. v. Dugas (Tex.Civ.App.) 91 S.W.(2d) 757.

■ It is undisputed that February 24, 1930, was the last day that appellant worked and that his employment ceased on that date. Also that his insurance expired when he ceased to be an employee, unless he converted or renewed the insurance in the manner provided by the policies, which he did not do, and the 31 days of grace, under the facts and terms of the policies, not being applicable, and the insurance having been canceled on February 25, 1930, if appellant became disabled when the policies were in force, that is, on or prior to February 25, 1930, and the suit not having been filed until March 16, 1934, the cause of action was barred by the 4-year statute of limitation, and the instructed verdict was proper. But appellant insists that his cause of action was not barred by the 4-year statute of limitations because, (a) under the policies, he had 31 days, after his employment ceased on February 24, 1930, in which to convert or renew his insurance into other kinds of insurance if he became totally and permanently disabled, and his cause of action did not accrue until the expiration of the 31-day period; and (b) having 31 days after his employment ceased in which to convert his insurance into other insurance if he became disabled during the time of his employment and while his insurance was in effect, the limitation would not start to run until the expiration of said 31 days, and so his suit was seasonably filed. This contention is without merit, for the all-sufficient reason that the certificates and policies provide that "this insurance is not in effect during the thirty-one days granted for conversion as it automatically ceases at termination of employment." Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S.W.(2d) 25; Missouri State Life Ins. Co. v. Hinkle, 18 Tenn.App. 228, 74 S.W.(2d) 1082. As the insurance terminated on Feburary 24, 1930, when appellant ceased to be an employee of the Gulf Refining Company, and was not converted or renewed under the 31 days allowed to do so, and the insurance not being in force during the 31-day period, and so, if appellant became disabled while the insurance was in force, that is, at or before February 24, 1930, then his cause of action then accrued and limitation began to run at such date, and more than 4 years elapsed before the filing of the suit on March 16, 1934, and so was barred.

No error appearing, the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.