## COOK et al. v. CONTINENTAL CASUALTY CO., Inc.

### No. 9085.

Court of Civil Appeals of Texas. Austin.

March 18, 1942.

Rehearing Denied April 8, 1942.

Edgar Davidson and Wm. O. Coldwell, both of Temple, for appellants.

Joe Carroll and Jno. B. Daniel, Jr., both of Temple, for appellee.

BAUGH, Justice.

Appeal is from a judgment in the county court, on appeal thereto from the justice court, that appellants take nothing in a suit on an insurance policy issued by appellee to Silvia Cook, payable to her husband, William Cook, as beneficiary. Silvia Cook died on November 7, 1937, from cancer of the uterus, and the appellee denied liability on the ground that the causa mortis came within the "not covered" provisions of the policy, and the trial court so held.

There is no statement of facts, but agreed facts are brought forward in the transcript. They do not, however, show all of the provisions of the policy. Only the indorsement on the cover of the policy that it is a "Combination Sickness, Accident and Death Policy," and two para-

graphs of the policy are shown. Part IV provided: "Burial Benefit. If sickness shall while this policy is in force result in the death of the Insured, the Company will pay to the beneficiary named in this policy (if surviving the Insured, otherwise to the estate of the Insured) the sum of $100.00 as a Burial Benefit."

Part VII relating to "not covered" risks provided that "This policy does not cover loss resulting wholly or partly, directly or indirectly from (1) injuries sustained or sickness contracted" (here follow some 13 exceptions not pertinent here), or "disease of or injury to the generative organs if the Insured be a woman * * *."

The trial court concluded that said policy was but a health and accident policy, and not "life insurance"; and was not therefore controlled by Sub. 3 of Art. 4733, R.C.S.1925; that the exemptions therein provided were valid, and that under the undisputed fact that the insured died from disease of the generative organs, the company was not liable.

The sole issue presented is whether Part IV above quoted made the policy, as to that provision at least, "life insurance" within the meaning of Sub. 3 of Art. 4733. If it does, then the exemption claimed is void and the company is liable. If it does not, then there is no liability.

We think that Part IV above quoted was clearly a life insurance provision. The statutes take cognizance of both separate and combined life, health and accident insurance risks. It is now settled that health, accident, or health and accident policies are not referable to Arts. 4732 and 4733, R.C.S.1925, and that they may contain exemptions and exceptions forbidden by Art. 4733. Dent v. National Life & Acc. Co., Tex.Civ.App., 6 S.W.2d 195; Richmond v. Provident Ins. Co., Tex. Civ.App., 91 S.W.2d 1180. It has also been held that in a combined life, health and accident policy, exceptions, or "not covered" risks, referable only to the health and accident provisions thereof, are valid, though not authorized by Art. 4733 as to the "life" provisions of such policy. Continental Life Ins. Co. v. Johnson, Tex. Civ.App., 248 S.W. 88. It follows, for like reasons, that if the exemption claimed by the insurer is referable to the "life" provisions of such combination life, health and accident policy, it does fall within the inhibitions of the statute (Sub. 3, Art. 4733) relating to life insurance policies.

We think that the "not covered" risks enumerated in Part VII, specifically stated as injuries sustained or sickness contracted, can reasonably be construed to apply only to the accident and health provisions of such policy. As so applied they are valid provisions. But Part IV, providing only for a limited burial benefit, manifestly not the major objective of the policy, does not in itself provide for, nor incorporate by reference or otherwise, any exceptions which would relieve the insurer from the death benefits therein expressly provided for. Under the well-settled rule that policies must be construed most favorably in behalf of the insured, we think that the insurer could properly be held liable for the burial benefits whether such Part IV be construed as a "life" provision or not.

Regardless of this, however, we think it is clear that such provision of the policy constitutes life insurance within the provisions of Sub. 3 of Art. 4733. Art. 4716, R.C.S., defines, for purposes of regulation, life insurance companies as those writing contracts, among other things, "conditioned on the continuance or cessation of human life." This would clearly encompass payment of burial benefits contracted for where such limited benefits are provided without express limitation as to cause of death. In State v. Stout, 17 Tenn. App. 10, 65 S.W.2d 827, 829, the Court of Appeals of Tennessee, certiorari denied by Supreme Court, held that "Burial or funeral benefit, being determinable upon the cessation of human life, and dependent upon that contingency, constitutes life insurance." See also 63 A.L.R. 723; 29 Am.Jur., § 8, p. 52; 37 C.J., p. 359. Such provision of said policy thus being life insurance, and not merely health and accident insurance as held by the trial court, comes within the inhibitions in Sub. 3 of Art. 4733; and as to Part IV of said policy the exception, even if applicable thereto, was not authorized by law, and is therefore void. Washington Nat. Ins. Co. v. Clay, Tex.Civ.App., 86 S.W.2d 834; Atlanta Life Ins. Co. v. Cormier, 126 Tex. 179, 85 S.W.2d 1045.

It was agreed by the parties to this appeal that if the policy be construed to be a life insurance policy then appellants are entitled to recover the $100 burial benefit together with a 12% penalty and interest, and a reasonable attorney's fee of $50. The judgment of the trial court is therefore

reversed and judgment here rendered in favor of appellants against appellee for the sum of $112, together with interest thereon at the rate of 6% per annum from May 17, 1940, for $50 attorney's fee, and all costs of suit in the trial court and on this appeal.

Reversed and rendered.