## ADAMS v. WASHINGTON NAT. INS. CO.

### No. 6114.

Court of Civil Appeals of Texas. Texarkana.

March 16, 1944.

Collins, Williams & Garrison, of Lufkin, H. H. Wellborn, of Henderson, and James F. DeLoney, of Nacogdoches, for appellant.

Waldrop & Shaw, of Henderson, for appellee.

HARVEY, Justice.

Suit was filed by Ellis Adams against the Washington National Insurance Company to recover monthly indemnity by reason of certain disabilities resulting from accidental injuries suffered by Adams. The defenses pleaded were that the monthly premium provided by the policy was due on the first day of each month and that the policy had lapsed at the time of the injuries to the plaintiff due to failure on his part to pay the premium when due, or within the five-day period of grace provided for in the policy. Answering these contentions, the plaintiff alleged that the policy sued on was in part a life insurance policy and that the insured had a period of thirty days' grace in which to pay past-due premiums, on a policy of such type, as provided by statute; that the defendant had given notice of forfeiture of the policy as of July 1, 1942, before the expiration of either the five-day grace period provided for in the policy or of the thirty-day grace period allowed under the statute for payment of past-due premiums due on life insurance policies, and therefore the plaintiff was relieved from payment of the premiums due. Also, that the defendant had offered to reinstate the policy as of August 1, 1942, and that by reason of an acceptance of this offer by the plaintiff the policy was in force on the date of the accidental injuries received by plaintiff. The case was tried before the court and judgment entered in favor of the defendant, from which action of the court the plaintiff (appellant) presents this appeal.

The policy was issued as of December 5, 1941, and among other provisions contains the following: "This policy is issued for a term beginning, as to accident insurance, on the day the policy is dated, and as to health insurance, thirty days thereafter, and ending on the first day of January, 1942, as to both, and for such further periods as the payment of renewal premiums made in advance, with consent of the Company, and subject to all the terms and conditions of Policy, will maintain the Policy in force and effect. * * * The time referred to herein shall, in every case, mean twelve o'clock noon standard time on the place where the Insured resides." In addition to benefits to be paid by reason of sickness and accident the policy provides for a "Natural Death Indemnity" of $100. Monthly premiums in the sum of $3.75 to be paid by the insured are called for in the policy.

The contract provision as to the time when the monthly premiums were due controls, and such premiums were payable the first day of each month. Anderson v. National Aid & Life Ass'n, 140 Tex. 308, 167 S.W.2d 739; Donaldson v. National Life & Accident Ins. Co., Tex.Civ. App., 53 S.W.2d 136. Accordingly, the grace period begins at such time.

The trial court found that the last premium paid by the insured was the one due June 1, 1942; that the insured received accidental injuries, which are the basis of this suit, in the forenoon of August 5, 1942; that the defendant wrote plaintiff a letter on July 24, 1942, stating: "Our records indicate that your accident and health policy, on which you have been paying a monthly premium of $3.75, lapsed on July 1st. Notices have been mailed to you but we have not received a reply." Further, that defendant wrote plaintiff another letter of August 1, 1942, offering to

reinstate the policy in accordance with the terms and conditions of such policy; that pursuant to said letter of the defendant, the plaintiff sent money by a rural mail carrier on August 4, 1942, to the Post Office for a money order to be sent to defendant to take care of the premium due, but that the money order was not issued until August 5th, after the plaintiff was injured, and the money order was not received by the defendant until August 6th, at which time the defendant did not know that plaintiff had been injured.

■ With respect to whether the five-day period provided by the policy or the thirty-day period of grace allowed under the statute prevails, it has been held by some courts that statutory provisions applicable to life insurance policies do not include combination health, accident, and life insurance policies. We quote as follows from the case of Cook v. Continental Casualty Co., Tex.Civ.App., 160 S.W.2d 576, 577: "It has also been held that in a combined life, health and accident policy, exceptions, or 'not covered' risks, referable only to the health and accident provisions thereof, are valid, though not authorized by Art. 4733 as to the 'life' provisions of such policy." In Continental Life Ins. Co. v. Johnson, Tex.Civ.App., 248 S.W. 88, 89, we find this language: "It is the subject-matter of the contract, and not its form, which should control in giving effect to the legislative intent. It would be extremely technical to hold that, in order to escape the force of the inhibition against settlements for life insurance, the contract must contain no provision except those which relate to accident and health. If the provision invoked, in this instance, would be valid in a policy which was exclusively a health and accident contract, why should it not also be valid when embraced in a combination policy?" The San Antonio Court of Civil Appeals, in the case of National Life & Accident Ins. Co. v. Casillas, 63 S.W.2d 396, refers to the distinction between the two types of policies as follows: "The policy sued on was classified as a 'month-to-month life and accident' policy as distinguished from the usual life policy. This distinction is made in our statutes which provide that a grace period of thirty days shall be allowed for the payment of premiums upon purely life policies, but relieve life and accident policies from such requirement." The trial court held that the combination policy now being considered was essentially an accident and health policy, and that the statute providing for a grace period of thirty days, referable to purely life insurance policies, has no application. In this construction of the policy we concur; its primary objective was to provide for accident and sick benefits and the suit was brought under those phases of the policy.

■ Appellant presents the point that the defendant offered in its letter to reinstate the policy "as of August 1", and that having accepted the offer and complied with its conditions before the occurrence of the accident in question the policy was in effect. The offer as contained in the letter, and as found by the trial court, was that the policy would "be reinstated in accordance with its terms." The terms of reinstatement in the policy are that "the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained." Also, upon reinstatement, "there shall be no liability for * * * injury due to accident occurring between the date of expiration and the day following such reinstatement * * *." The trial court in its findings of fact found that the money order for the overdue premium was not issued by the issuing post office until August 5th, nor received by the defendant until August 6th, which, in either event, was after the plaintiff had received his accidental injuries. We therefore hold that the policy was not in effect at the time of the accident to the plaintiff.

There being no errors apparent in the record, the judgment of the trial court is affirmed.