Haydres ATKINSON, Appellant,

v.

The AMERICAN HOSPITAL AND LIFE INSURANCE CO., Appellee.

No. 14841.

Court of Civil Appeals of Texas.

Dallas.

Oct. 1, 1954.

Rehearing Denied Oct. 29, 1954.

Chaney, Davenport & Harless, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, Roy L. Cole and Joseph M. Stuhl, Dallas, for appellee.

YOUNG, Justice.

Appellant's suit was upon a contract denominated "Hospital Insurance Policy" for hospital and surgical benefits specified therein, following a hysterectomy (removal of uterus), undergone more than two years after date of policy—May 1, 1950. Defendant Company denied liability, tendering premiums paid; alleging fraudulent representations made in application for the policy with respect to a pre-existing tumor; and, upon jury answers to issues submitted, the court rendered judgment adverse to plaintiff from which this appeal is taken.

The contract was one from month to month, issued to plaintiff as an employee of Volk Brothers by defendant, premium charge, $3.25 per month; reciting in both front and back that "This Policy provides payment for Hospital and Surgical Expenses not covered to any extent by Workmen's Compensation or Employer's Liability Insurance; for death, dismemberment and loss of sight through accidental means; and for return of premiums, all to the extent herein provided. This Policy is renewable at the option of the Company as stated on the first page hereof." It contained two sections of benefits, hospital and surgical, along with later riders or supplementary agreements providing additional hospital, surgical, and other benefits; in particular, adding sections styled "Accidental Death, Dismemberment and Loss of Sight Before Age 65 Benefits" and "Return of Premiums in Event of Death Before Age 65"; the latter providing that: "Immediately upon receipt at its Home Office of due proof of the interest of the claimant and of the death of the Insured from any cause while insured hereunder but prior to the anniversary of this Policy nearest his or her sixty-fifth birthday, the Company will pay to the designated Beneficiary an amount equal to the sum of all premiums paid hereunder, including the premium paid for any riders attached hereto unless otherwise specifically provided therein." All benefits covered by these riders were without additional cost in premium, but were cancellable by the Company upon any premium date or upon written notice. Section 11 of the Standard Form recited: "Indemnity for loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured. All other indemnities of this policy are payable to the insured"; and Section 13, that consent of the beneficiary should not be requisite to surrender or assignment of policy, or to change of beneficiary.

Appellee's defense is reflected in the following series of issues, all of which were answered "Yes" by the jury: (1) Whether plaintiff, at the time of making out her application for hospitalization insurance, represented to defendant's agent that she did not have or had not had a tumor; (2) whether she had a tumor at or before the time of making application for hospitaliza-

tion insurance; (3) whether at time of application for the policy, plaintiff knew she had a tumor; (4) whether the representation made by plaintiff was with willful intent to defraud defendant; (5) whether defendant was thereby induced to issue the policy; and (6) whether said representation made by plaintiff that she did not have or had not had a tumor, was a material one.

Article 3.44, Texas Insurance Code, V.A.T.S., provides that a policy for life insurance shall be incontestable after two years from date of issuance except for nonpayment of premiums[1]; the contract in question containing like provision relative to Section "Return of Premiums in Event of Death Before Age 65." It is appellant's position that the section just referred to makes of the policy one for life, accident and health, the two-year incontestable provision of the statute becoming a part thereof; that defendant Company was thereby precluded from interposing the defense of fraud with result that plaintiff became entitled to judgment as a matter of law.

The policy sued upon, brought up in original form, has been carefully examined. It is clearly not a contract of life insurance; and while Art. 3.44 might have application to a suit for return of renewals upon death, as in Cook v. Continental Casualty Co., Tex. Civ.App., 160 S.W.2d 576, the action here is for hospital and surgical benefits—coverages of a policy predominantly relating to that type of insurance. It is argued that the one premium charge has made the instrument a combination policy for death benefits in addition to disability and thereby subject to the statute. Even so, we regard the "Return of Premiums in Event of Death Before 65" section as merely incidental to the overriding benefits for which the charge was made. In Pyramid Life Ins. Co. v. Selkirk, 5 Cir., 80 F.2d 553, 554, involving a like contention, it was held: "Combination life and disability policies * * * are regarded as two distinct contracts, to effect different objects, though contained in one instrument. [Citing authorities.] Article 4732(3) R.S.Texas (1925), providing a uniform statutory incontestability clause for 'life' insurance policies * * * is inapplicable to disability insurance. [Citing authorities.]" And likewise in Dent v. National Life & Accident Ins. Co., Tex.Civ. App., 6 S.W.2d 195, 197, that "* * *, the policy being an accident and health policy as distinguished from a life policy, it is not governed by the law announced in articles 4732 and 4733 of Revised Statutes of 1925." See also Greber v. Equitable Life Assur. Society, 43 Ariz. 1, 28 P.2d 817.

Appellant's point of error must be overruled and judgment of the trial court in all respects affirmed.

1. Relevant part of Article 3.44 is here quoted: "No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain provisions substantially as follows: * * * 3. That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."