**CITY OF COLLEGE STATION, Appellant,**

v.

**TURTLE ROCK CORP., Appellee.**

**No. C14–82–895CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1984.
Rehearing Denied Feb. 23, 1984.

Lowell F. Denton, City Atty., College Station, for appellant.

Bill Payne, Lawrence, Thorton, Payne, Watson & Kling, Bryan, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellee's Motion for Summary Judgment was granted, declaring Appellant's park land dedication ordinance unconstitutional because it violated TEX.CONST. art. 1, § 17. We affirm the trial court's judgment.

Appellant is a home rule city. Appellee is a real estate development corporation with a project located within Appellant's city limits. On January 22, 1981, Appellant adopted Ordinance No. 1265, "Requirements for Park Land Dedication." The stated purpose of the ordinance was to "provide recreational areas in the form of neighborhood parks as a function of subdivision development...." The ordinance stated that these parks were necessary, for the public welfare and that this requirement was "the only adequate procedure" by which these parks could be provided. The ordinance required that a developer:

(1) grant to the city a fee simple deed for one acre of land for each 133 proposed dwelling units; or

(2) pay cash in lieu of dedicating land if fewer than 133 units were proposed; or

(3) let the city planning and zoning committee and the parks and recreation board decide whether to accept the dedication or require a cash payment if between one and five acres of land would be dedicated; or

(4) elect to pay cash, subject to a city council veto, in lieu of any dedication which could be required.

The ordinance further required that a "park land dedication fund," comprised of all monies paid in lieu of land dedication, be established. The monies paid in lieu of land dedication were required to be expended, within two years from the date of receipt, "for acquisition of [sic] development of a neighborhood park."

Appellee elected to pay $34,200.00 in lieu of dedicating the required amount of land, which amount was placed in an escrow fund pending the determination of the constitutionality of Appellant's ordinance. Appellee made this choice in order to receive approval to continue its development project and mitigate damages. Appellee filed suit contesting the constitutionality of the ordinance and moved for summary judgment on the basis of this court's decision in *Berg Development v. City of Missouri City*, 603 S.W.2d 273 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The trial judge granted the motion and Appellant perfected its appeal.

The *Berg* case involved a very similar park land dedication ordinance. Several major differences between that ordinance and the one currently under consideration are apparent. The Missouri City ordinance allowed the city council, in its discretion, to elect to receive money in lieu of dedication; failed to require that the land dedicated or the money received in lieu thereof be used for neighborhood parks; did not require that parks to be developed be located near the subdivision dedicating the land or paying money in lieu thereof; and, placed no time limit on the expenditure of funds.

As previously noted, Appellant's ordinance differs in these respects. Appellant ostensibly altered its ordinance in an effort to bring it into compliance with the *Berg*

decision, after that decision was published. These changes did correct these specific deficiencies noted in the ordinance at issue in *Berg.* However, these changes do not alter the fact that this ordinance unquestionably sanctions an unconstitutional taking of private property for public use. TEX.CONST. art. 1, § 17 expressly forbids such action, declaring that

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money.

Appellant raises three points of error. First, Appellant alleges it was not established as a matter of law that the ordinance violated TEX.CONST. art. 1, § 17. Appellant specifically alleges that the ordinance merely employed its "police power," and that since a fact question arose concerning whether the taking bore a "substantial relationship to the safety and health of the community," summary judgment was inappropriate. In its second point of error, Appellant argues that it was not established as a matter of law that its ordinance violated TEX.REV.CIV.STAT.ANN. art. 6081e (Vernon 1970). We overrule points of error one and two.

As noted, Appellant is a home rule city. As such, its powers are found generally in TEX. CONST. art. 11, § 5 and specifically in the enabling statutes, TEX.REV.CIV. STAT.ANN. arts. 1175, 1176 (Vernon 1963). Appellant has relied on these provisions, as well as TEX.REV.CIV.STAT.ANN. art. 974a, § 1 (Vernon 1963), for the authority to enact its park land dedication ordinance. These articles state, in pertinent part:

Art. 1175 Enumerated Powers

Cities adopting the charter or amendment hereunder shall have full power of self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

.    .    .    .    .

15. To have the power to appropriate private property for public purpose whenever the governing authorities shall deem it necessary; to take any private property within or without the city limits for any of the following purposes; ... parks, ... The power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned and such power and authority shall include the right to condemn public property for such purposes.

Art. 974a. Platting and recording subdivisions or additions

#### Plats required

Section 1. Hereafter every owner of any tract of land situated within the corporate limits, ... who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land ... shall cause a plat to be made thereof which shall accurately describe all of said subdivision ... giving the dimensions ... of all ... parks ... intended to be dedicated to public use, ...

Although not mentioned by the ordinance in question, TEX.REV.CIV.STAT.ANN. art. 6081e (Vernon 1970), also deals with this question. It states in pertinent part:

Art. 6081e. Acquisition of lands and buildings for parks, playgrounds, historical museums and sites

Section 1. Any county or any incorporated city of this state, ... may acquire by gift, devise, or purchase or by condemnation proceedings, lands and buildings, to be used for public parks, playgrounds ...

Despite Appellant's contentions, neither art. 1175 nor art. 974a can be cited in support of its park land dedication ordinance. Home rule cities enjoy "full power of self government ...," *Colorado River Authority v.  City of San Marcos,* 523 S.W.2d 641, 643 (Tex.1975), and enabling statutes operate merely as limitations to this authority. *Id.* One method by which

the legislature limits this power is by specifying a procedure for the city to follow when exercising its power. *Id.* at 643–44. This was done in art. 1175, § 15 where the legislature spoke of *"appropriat[ing]* private property for public purposes ..." and of *"tak[ing]* any private property ... for ... parks ..."* (emphases added). The phrase "taking" does not imply that the legislature sanctioned a "police power taking." Rather, the use of the words "appropriating" and "taking" both refer to an exercise of the power of eminent domain. The only distinction is when payment for the land must be made. "Appropriation" contemplates prior payment while "taking" presupposes payment will be made after damages are done. BLACK'S LAW DICTIONARY 93 (5th ed.). The legislature simply did not leave open the possibility of a city acquiring land for parks under its police power.

■ While we recognize that a city may exercise its police power as well as its power of eminent domain to acquire land for some of the purposes enumerated in art. 1175; for example, streets, alleys and sewer systems; we decline to hold that land for parks may be obtained by both methods. We reach this conclusion for two reasons. First, we reaffirm our holding in *Berg Development* that a required dedication of land for streets and waterworks clearly "bears a substantial relation to the safety and health of the community" while a required dedication for park land does not. 603 S.W.2d at 275. In reference to this holding, we note that parks are not necessarily beneficial to a community or neighborhood. Unfortunately, in some neighborhoods, parks serve as gathering places for derelicts and criminals, and are unsafe for use by law abiding citizens. We disagree with Appellant's suggestion that neighborhood parks necessarily benefit the general public.

■ Second, we must follow the maxim of statutory construction that general statutes must be read in light of more specific statutes. *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 686 (Tex.Civ.App.—Waco 1980, no writ). Article 6081e enumerates the methods by which park land may be obtained by a city, while art. 1175 gives the city the general authority to appropriate or take land for parks. Furthermore, art. 974a simply requires that plats of all proposed subdivisions be made showing where parks, if any, will be located. It does not require an owner to dedicate land for parks as a prerequisite to plat approval. We disagree with the dictum in *Crownhill Homes, Inc. v. City of San Antonio*, 433 S.W.2d 448 (Tex.Civ.App.—Corpus Christi 1968, no writ), to the effect that it does. The language of the article does not support such an interpretation.

We need not descend into the legal quagmire which attempts to distinguish between an exercise of police power and eminent domain. These doctrines merge, intersect and split while providing no helpful or consistent guidelines for those facing the question. The Texas Supreme Court has "rejected the dichotomy, holding that one's property may not be taken without compensation under some circumstances even in the exercise of police power." *City of Austin v. Teague*, 570 S.W.2d 389, 391 (Tex. 1978). In addition to refusing, on several occasions, to draw a line between police power and eminent domain, *see Teague, id., Dupuy v. City of Waco*, 396 S.W.2d 103 (Tex.1965); *San Antonio River Authority v. Lewis*, 363 S.W.2d 444 (Tex.1963); *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99 (1962); and recognizing that perhaps a line cannot be drawn, *see Teague*, 570 S.W.2d at 372, the supreme court has repeatedly voiced its high degree of respect for private property rights. In *Teague*, the court held "that a decent regard for private property rights, rights that enjoy the protection of the constitution, require[s] governmental agencies in acquiring properties for public purposes generally to proceed under the power of eminent domain rather than under the police power." *Id.* In *Dupuy*, the court recognized "the demands of progress are inexorable and public improvements should

**322**

not be discouraged; but just as compelling is the principle that private property rights are to be protected with all citizens sharing equally in the cost." 396 S.W.2d at 106. In *Brewster v. City of Forney*, 223 S.W. 175, 176 (Tex.Comm'n App.1920), the court stated "[t]he Constitution of Texas and the decisions of her courts reveal a zealous regard for the rights of the individual citizen." The court continued, recognizing that private property cannot be taken for public use without compensation, because to do so would "put upon one citizen a burden which should rest upon the aggregate citizenship." *Id.*

These pronouncements of our supreme court compel us to hold that Appellant's ordinance violated TEX. CONST. art. 1 § 17 and TEX.REV.CIV.STAT.ANN. art. 6081e (Vernon 1970), as a matter of law because it required a dedication of land, or money paid in lieu thereof, as a prerequisite to plat approval. We hold that even if Appellant could obtain park land by requiring dedication under appropriate enabling legislation or by exercising its police power, it would have to compensate Appellee. *See Teague*, 570 S.W.2d at 391.

The out-of-state cases Appellant cites in support of its position that such a taking is constitutional are unconvincing. First, precedent from other jurisdictions is, at best persuasive, never binding. Second, Appellant's analysis of these cases primarily focuses on the amount of property that other jurisdictions may exact under particular municipal park land dedication ordinances. This approach ignores the basic issues of whether these ordinances violate their state's enabling legislation or constitution.

The common thread linking these decisions is the deference given by each court to their state's enabling statutes. However, our enabling statute art. 1175, differs from the enabling statutes of other jurisdictions in that it limits the methods by which a municipality may acquire park land to appropriation or taking. Further, as noted, Texas courts hold private property rights in the highest esteem and caution

governmental entities which desire to acquire private property for public use that they usually should proceed under the power of eminent domain. *Teague*, 570 S.W.2d at 392.

Having overruled Appellant's points of error one and two, we need not consider point of error three. We affirm the trial court's decision.