**Theodore P. AYRE, Appellant,**

v.

**BROWN & ROOT, INC., et al., Appellees.**

**No. C14–83–600CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1984.

Tom F. Coleman, Able & Coleman, Houston, for appellant.

Edward J. Hennessy, Hennessy & Associates, Larry D. Carlson, Baker & Botts, Houston, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant appeals from the trial court's judgment on an agreed case. The trial court ordered that Appellant take nothing against Appellees, Brown & Root and its insurer, Aetna Life Insurance Company. Appellant argues that TEX.INS.CODE ANN. art. 3.50 § 2(8) (Vernon 1981),[1] extended the coverage of his son's accidental death and dismemberment (AD/D) policy and that he is entitled to recover under the policy. Whether the provisions of art. 3.50 apply to AD/D policies is a question that

---

1. (8) A provision that if the insurance, or any portion of it, on a person covered under the policy ceases because of termination of employment or of membership in the class or classes eligible for coverage under the policy, such person shall be entitled to have issued to him by the insurer, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits, provided application for the individual policy shall be made, and the first premium paid to the insurer, within thirty-one (31) days after such termination, ...

has not previously been resolved in Texas. We hold they do not so apply.

Appellant was the designated beneficiary of his son's life insurance and AD/D policies. His son terminated his employment with Appellee on June 18, 1980. On July 18, 1980, his son died as a result of an accident. Life Insurance Company of the Southwest paid all benefits due under the life insurance policy to Appellant around September 2, 1980. Aetna, however, refused to pay benefits allegedly due Appellant under the AD/D policy, asserting as its ground of denial that its coverage of the son ended when he terminated his employment with Appellee. Aetna relies on article III of its policy which states that all insurance of any employee shall terminate when the employee's employment terminates. Since there is no legislation providing for a mandatory grace period or conversion privilege under an AD/D policy, the clear and unambiguous language of the policy is controlling.

Appellant briefs his argument in one point of error with four subtopics. As convincing as these arguments appear, further study of the insurance code persuades us to reject each of them.

First, he argues that the conversion privilege for holders of life insurance policies found in art. 3.50 § 2(8) also applies to AD/D policies. He correctly points out that § 2 of art. 3.50 is entitled "Group Life Insurance Standard Provisions". He deduces that it also applies to AD/D policies because art. 3.50 is contained in Subchapter E of chapter three, entitled "Life, Health and Accident Insurance". In short, he ar-

gues that art. 3.50 deals with the group policy provisions of life, health *and* accident insurance.

■ We find this argument unpersuasive because the legislature also included art. 3.51–6, entitled *"Group* and Blanket *Accident* and Health *Insurance"* (emphasis added) in Subchapter E. The legislature clearly struck a difference between life and AD/D policies when it formulated the structure of the insurance code. We cannot and do not hold that art. 3.50 deals with the group policy provisions of accident policies.

In his third contention, Appellant refers to §§ 2(1)[2] and 2(6)[3] of art. 3.50 which speak of "death benefit coverage" and a "sum becoming due by reason of the death of insured." Again, he argues that such phraseology indicates the legislature contemplated accidental death benefits being covered by its provisions for life insurance policies. The reasoning we used to overrule Appellant's first argument compels us to reject this contention despite the broad language found in those sections which, when read alone, appear to support it.

In his second argument, Appellant points out that TEX.INS.CODE ANN. art. 3.01 § 1 (Vernon 1981), defines a "life insurance company" as a corporation which pays money conditioned on the "cessation of human life." Since "life insurance" provides payment to the beneficiary on cessation of human life, he argues the definition is broad enough to include cessation of human life by accident and that, therefore, art. 3.50 should apply.

**2.** (1) A provision that the policyholder is entitled to a grace period of thirty-one (31) days for the payment of any premium due except the first, during which grace period the death benefit coverage shall continue in force, unless the policyholder shall have given the insurer written notice of discontinuance in advance of the date of discontinuance and in accordance with the terms of the policy. The policy may provide that the policyholder shall be liable to the insurer for the payment of a pro rata premium for the time the policy was in force during such grace period.

**3.** (6) A provision that any sum becoming due by reason of the death of a person insured shall be

payable to the beneficiary designated by the person insured, or his assignee, subject to the provisions of the policy in the event there is no designated beneficiary as to all or any part of such sum living at the death of the person insured, and subject to any right reserved by the insurer in the policy and set forth in the certificate to pay at its option a part of such sum not exceeding Two Hundred and Fifty ($250) Dollars to any person appearing to the insurer to be equitably entitled thereto by reason of having incurred funeral or other expenses incident to the last illness or death of the person insured.

Although Appellant is correct in stating that the definition of a life insurance company, found in art. 3.01 § 1, could reasonably include payments for cessation of life by accidental death, TEX.INS.CODE ANN. art. 3.01 § 2 (Vernon 1981), precludes us from so holding. Section 2 defines an "accident insurance company" as a corporation which pays money in the event of death resulting from traveling or general accidents. A maxim of statutory construction is that a specific provision governs a general provision. *City of College Station v. Turtle Rock Corp.*, 666 S.W.2d 318 (Tex.App.—Houston [14th Dist.] 1984, writ granted); *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 686 (Tex.Civ.App.—Waco 1980, no writ). As applied to our case, that maxim dictates that we hold art. 3.01 § 1 does not refer to accidental deaths because they are specifically defined in art. 3.01 § 2.

Finally, he argues that TEX.INS.CODE ANN. art. 3.51–6 § 1(f) (Vernon 1981),[4] entitled "Group and Blanket Accident and Health Insurance," is an example of a provision in which the legislature clearly expressed its desire for AD/D and life insurance policies to be governed by separate provisions of the insurance code. He maintains that an AD/D policy should be construed as a life insurance policy *except* where the legislature specifically provides otherwise. He concludes that no conversion privilege is provided in art. 3.51–6 because the legislature considered that privilege provided for in art. 3.50 § 2(8). This argument also is unconvincing.

Even if we did agree with Appellant's interpretation of that section when viewed alone, we could not adopt his argument because the legislature specifically provided for a conversion privilege under this article in § 3A, entitled "Conversion Privilege." Because this section deals strictly with the conversion of health insurance, we must conclude that the legislature chose not to provide a mandatory conversion privilege for bearers of an AD/D policy. Finally, we note that art. 3.51–6 does not contain a section prescribing standard provisions, provisions which statutes dictate be included in the policy, as does art. 3.50.

Further, the cases Appellant cites do not convince us that our interpretation of chapter three of the insurance code is incorrect. Appellant cites *Cook v. Continental Casualty Co.*, 160 S.W.2d 576 (Tex. Civ.App.—Austin 1942, no writ), for the proposition that a single insurance policy can provide for different types of insurance, each of which are governed by separate provisions of the insurance code. We agree with this proposition but it does not help Appellant. In *Cook*, the plaintiff had a "Combination Sickness, Accident and Death Policy." He brought suit when the insurer refused to pay burial expenses under the policy because the insured died from a risk which was "not covered." That court merely applied the rule that in a combination policy, the "not covered" risks refer only to the health and accident provisions and not to the life insurance provisions. *Id.* at 577. Similarly, *First Texas Prudential Insurance Co. v. Smallwood*, 242 S.W. 498 (Tex.Civ.App.—Beaumont 1922, no writ), deals with a combination policy. We are not dealing with a combination policy and do not read *Cook* or *Smallwood* as authorizing application of life insurance provisions of the insurance code to AD/D policies.

As appealing as Appellant's argument is, we are without the power to adopt it. We are bound to follow the letter and intent of all statutory provisions, *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982); *Chemical Bank v. Commercial Industries Service*

---

**4.** (f) Any group accident and health insurance policy which contains provisions for the payment by the insurer of benefits for members of the family or dependents of a person in the insured group may provide for a continuation of such benefits or any party thereof after the death of the person in the insured group and provided further that any amounts of insurance so provided by such benefits shall not be construed as life insurance under this chapter. Such coverage may continue for a period not to exceed 180 days subject to any other policy provisions relating to termination of dependent's coverage.

*Co.,* 662 S.W.2d 802, 804 (Tex.App.—Houston [14th Dist.], *writ ref'd n.r.e. per curiam,* 668 S.W.2d 336 (Tex.1984), and so in this case. The change in insurance law which Appellant asks us to make, basically, to allow a conversion privilege in AD/D policies, must be made by the legislature, not by a court.

Appellant's point of error is overruled and the judgment is affirmed.