### LIFE INSURANCE COMPANY OF NORTH AMERICA, Appellant,

### v.

### Gracie G. KLINGLER, Appellee.

### No. 13–86–449–CV.

Court of Appeals of Texas, Corpus Christi.

March 18, 1987.

Rehearing Denied April 16, 1987.

Ben A. Donnell, Gene F. Creely, II, Meredith, Donnell & Abernethy, Corpus Christi, for appellant.

Hubert L. Stone, Corpus Christi, Mike A. Hatchell, Ramey, Flock, Hutchins & Jeffus, Tyler, for appellee.

Before SEERDEN, UTTER, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a summary judgment awarding appellee benefits under an insurance policy issued by appellant covering the life of her deceased husband, Perry R. Klingler. We hold that the summary judgment was improvidently granted and reverse.

Perry Klingler was employed by the General Tire and Rubber Company, which had a group accidental death and dismemberment insurance policy for its employees, issued by appellant. Klingler quit work on July 26, 1985, and was killed eleven days later by an unknown assailant. His wife, Gracie, filed a claim under the policy, which appellant rejected, prompting this suit.

Appellant's trial attorney did not file a response to the motion for summary judgment, nor did he appear at the hearing. Where no response to a motion for summary judgment is filed, the only issue on appeal is whether the movant's grounds and proof are sufficient as a matter of law. *Nutchey v. Three R's Trucking Co.*, 674 S.W.2d 928, 929-30 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); *Barnett v. Houston Natural Gas Co.*, 617 S.W.2d 305, 306 (Tex.App.—El Paso 1981, writ ref'd n.r.e.).

In its second point of error, appellant contends that, as a matter of law, Mrs. Klingler cannot recover under the insurance policy.

It is undisputed that while Mr. Klingler was employed by General Tire he was covered under the policy in question. The policy provided, however, that coverage terminated on the premium due date immediately following the date he ceased to be employed with the company. The premium due date applicable in this case was July 31, 1985.

The policy also had a conversion privilege which provided:

In the event that the insurance provided ... should terminate for any of the following reasons:

(a) termination of employment ...

The Insured/Owner, if under age 70, shall, subject to the conditions hereinafter stated, be entitled to have issued to him, without evidence of insurability, a policy of insurance ... by making written application therefor within 31 days after such termination of insurance.... The converted policy shall take effect on the date of such termination of insurance or on the date of application for the converted policy, whichever is later.

Mr. Klingler's death occurred on August 6, 1985. He had not exercised the conversion privilege under the policy prior to his death.

The initial question raised on appeal is: Was Mr. Klingler insured under the policy on the day he died? Appellant's position is that coverage ceased on July 31, 1985; Mrs. Klingler's position is that, during the thirty-one day "grace period," her husband was still fully insured.

We agree with appellant. As a matter of law, Mrs. Klingler cannot recover since her husband's coverage had terminated on July 31. Texas case law, as well as overwhelming authority from other jurisdictions, clearly dictates this result; the thirty-one day grace period merely provides an insured with the *option* to "convert" or acquire an individual insurance policy. *See Lewis v. Connecticut General Life Insurance Co.*, 94 S.W.2d 499 (Tex.Civ.App.—Beaumont 1936, writ ref'd); *Schooley v. Metropolitan Life Insurance Co.*, 77 S.W.2d 886 (Tex.Civ.App.—Austin 1934, no writ); *accord, Travelers Insurance Co. v. Brewer*, 351 S.W.2d 116 (Tex.Civ.App.—Amarillo 1961, no writ); *De Pauw v. Aetna Life Insurance Co.*, 268 S.W.2d 734 (Tex.Civ.App.—Texarkana 1954, no writ); *Roy v. Aetna Life Insurance Co.*, 191 S.W.2d 498 (Tex.Civ.App.—Fort Worth 1945, writ ref'd); *see also* Annot., 34 A.L.R. 4th 1037 (1984); Annot., 68 A.L.R. 2d 8 (1959).

Appellee, Mrs. Klingler, urges on appeal that the Texas Insurance Code preempts the common law in this area. She argues that the insurance policy here involved is governed by the group life insurance provisions of the Code, Tex.Ins.Code Ann. art. 3.50 (Vernon 1981 & Supp.1987). Section 2(10) provides that an insured with group life insurance remains covered during the grace period even if the insured does not exercise his option to convert. No such provision exists in the Code under its group accident and health provisions, article 3.51-6A (Vernon 1981). In essence, Mrs. Klingler attempts to argue that the group policy is a life insurance policy, not an accidental death and dismemberment policy.

We reject her contentions for two reasons. First, as appellant correctly points out in its brief, Mrs. Klingler's motion for summary judgment did not state this argument as a ground to support the motion. In fact, the motion alleged that Mr. Klingler's death came under "the accidental death provisions of said policy." The Insurance Code was mentioned in gen-

eral terms, but no specific section was cited. A motion for summary judgment must state specific grounds. *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.); *Moody v. Temple National Bank*, 545 S.W.2d 289, 290 (Tex.Civ.App.—Austin 1977, no writ); Tex.R.Civ.P. 166–A(c).

Second, although both life insurance and accidental death insurance payments are invoked by the death of the insured, there is a definite distinction between the two. *See* Tex.Ins.Code Ann. art. 3.01, §§ 1, 2 (Vernon 1981); *see also Republic National Life Insurance Co. v. Heyward*, 536 S.W.2d 549, 557 (Tex.1976); *Ayre v. Brown & Root, Inc.*, 678 S.W.2d 564, 565–66 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

We have examined the insurance policy and conclude that it is in fact an accidental death and dismemberment policy, not a life insurance policy or a combination of the two. As pointed out by the *Ayre* Court, the Insurance Code provisions which pertain to life insurance are simply not applicable to accidental death and dismemberment policies. *Ayre*, 678 S.W.2d at 565.

Since no statutory law exists to pre-empt the case law, we sustain appellant's second point of error.

We decline to discuss the other matters raised in appellant's brief since our ruling on point of error number two controls the disposition of this case. Tex.R.App.P. 90.

In the absence of a cross-motion for summary judgment by appellant, we cannot render a judgment in this case. *See CRA, Inc. v. Bullock*, 615 S.W.2d 175, 176 (Tex.1981).

We reverse and remand the cause for further proceedings not inconsistent with this opinion.