### ÆTNA LIFE INS. CO. v. CATCHINGS.
### No. 7289.

Circuit Court of Appeals, Fifth Circuit.
Feb. 22, 1935.

Rehearing Denied March 27, 1935.

Joseph W. Moore, of Houston, Tex., for appellant.

L. W. Morris, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit as beneficiary to recover on two certificates of life insurance issued under a policy of group insurance covering the skilled employees of the Humphreys Corporation and recovered judgment for $3,500. Error is assigned to the direction of a verdict for plaintiff and the denial of a like motion on behalf of defendant.

It appears that appellant issued a group policy of life insurance to the Humphreys Corporation covering its skilled employees but not common laborers. Madison C. Catchings was employed by the Humphreys Corporation as a driller, classed as a skilled employee, and was given a certificate of insurance under the group insurance policy for $1,500. The premium on this policy was paid annually in advance by the employer. Under the provisions of the group policy, he was entitled to take out additional life insurance up to $2,000, and did so, and a certificate was issued to him. Premiums for the additional insurance were paid for the insured monthly by the employer by deducting it from his pay checks and remitting to the insurance company. The policy provided that the employee was covered only while he retained his status as an employee, but, if temporarily laid off or granted a leave of absence, he was covered until such time as the employer notified the insurance company to cancel the insurance.

The policy contained provisions making it incontestable after one year and granting 31 days of grace for the payment of premiums. It also provided that, if the employment of the insured terminated for any reason, he was entitled to receive a converted policy upon any of the nonparticipating forms customarily issued by the insurance company, except term insurance, in the amount of his protection at the time his employment terminated, without further evidence of insurability, but the policy further provided that the converted policy required payment of premiums applicable to the class of risk to which the employee belonged at his then attained age, and that written application for the converted policy

should be made by the employee, and the first premium paid, within 31 days following the termination of the insurance under the group policy.

The evidence showed conclusively that Catchings was permanently discharged as a driller on June 15, 1931, for carelessness while drilling a well, and was not merely temporarily laid off or given a leave of absence; and that he would not have been reemployed as a driller until he had served a term of probation under another driller while employed as a "roughneck." A "roughneck" is a common laborer, not classed as a skilled employee, and not covered by the policy. It was further conclusively shown that the employer promptly notified the insurance company of Catchings' discharge, that the insurance was canceled by appellant as of June 15, 1931, the date of his discharge, and the unearned portion of the premium was returned. Catchings died on July 7, 1931, within 31 days after the policy was canceled.

As appears from a memorandum in the record, the District Court was of the opinion that the provision permitting the insured to apply for and receive a converted policy within 31 days kept the original insurance in force for that period.

The clauses providing for grace for the payment of premiums and making the policy incontestable have no application to the case. The privilege of conversion gave the insured the right to have a new policy issued to him within 31 days after the termination of the insurance under the group policy without submitting evidence of insurability, but did not automatically extend the insurance that had been properly canceled. In order to take advantage of the clause, it was necessary for Catchings to select the form of policy he wanted, make written application for it, and pay the first premium in advance, none of which he did.

We find no provision in the policy that could be construed as automatically extending it for 31 days to allow the employee to make up his mind as to whether he wanted a converted policy. It was error to direct a verdict for plaintiff and error to overrule the motion of defendant. The following well-considered cases are in point: Fearon v. Metropolitan Life Ins. Co., 138 Misc. 710, 246 N. Y. S. 701; Missouri State Life Ins. Co. v. Hinkle (Tenn. App.) 74 S.W.(2d) 1082; Duval v. Metropolitan Life Ins. Co., 82 N. H. 543, 136 A. 400, 50 A. L. R. 1276.

Reversed and remanded.