**ROY v. ÆTNA LIFE INS. CO.**

**No. 14741.**

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 14, 1945.

Rehearing Denied Jan. 11, 1946.

R. S. Ragsdale, of Burkburnett, for appellant.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

This suit is on a group insurance policy. Plaintiff, the widow of the deceased employee, was denied a recovery in the trial court, and appeals.

Plaintiff's husband left the employ of the Tucker Oil Company on October 25, 1943. On October 26, 1943, the secretary of Tucker Oil Company wrote a letter on behalf of the former employee to the group insurer, stating the fact that Mr. Roy was leaving the employ of the company, and requesting the insurer to advise Mr. Roy direct as to the cost of converting the group insurance into permanent insurance as provided for in the group policy. On November 4th the general agents of the insurer wrote Mr. Roy a letter, enclosing blank application forms and a schedule showing the premium rates applicable to the various types of insurance available. Mr. Roy died on November 5, 1943, without having made any application for a conversion of the group insurance, and without having paid a premium on any policy of converted insurance.

Plaintiff first argues that the group insurance continued in force for a period of thirty-one days following the termination of Mr. Roy's employment, and also that the insurance continued in force for a period of thirty-one days by reason of the provisions of the policy, and of our statutes, allowing such a grace period under certain conditions.

The provisions of the policy are similar to those considered in Schooley v. Metropolitan Life Ins. Co., Tex.Civ.App., 77 S.W.2d 886; and Lewis v. Connecticut General Life Ins. Co., Tex.Civ.App., 94 S.W.2d 499, writ refused. Without repeating what is said in those cases, we hold that plaintiff's contentions just mentioned are not supported by the Texas decisions. For decisions from other jurisdictions to

the same effect, see the annotation in 145 A.L.R. 951, and previous annotations there referred to.

■ Plaintiff also contends that the policy was in force at the time of her husband's death by reason of there being sufficient accumulation of excess premiums to pay the cost of extended insurance. Art. 4732, Secs. 6 and 7. The group policy in question is clearly term insurance, and does not therefore come under the terms of the cited statute. Gilley v. Missouri State Life Ins. Co., 116 Tex. 43, 273 S.W. 825, 285 S.W. 807.

The judgment of the trial court is affirmed.