Elmira May Crutchfield, Appellant, v. Continental Assurance Company, Appellee.

Term No. 4803.

Opinion filed February 7, 1949. Released for publication March 7, 1949.

RALPH E. SUDDES, of Mattoon, for appellant.

WHAM & WHAM, of Centralia, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Marion county, sustaining the motion of appellee, Continental Assurance Company, a corporation (hereinafter called defendant) to strike the complaint of appellant, Elmira May Crutchfield (hereinafter called plaintiff).

The action was instituted upon group life insurance certificates issued to the husband of the plaintiff, Andrew Crutchfield, as and while he was an employee of Central Illinois Public Service Company, at Centralia, Illinois. The general group life policy was in the form

usually found in such cases, and insured the life of Crutchfield if death occurred during the continuance of the policy, and while the insurance of the employee was in force. The master policy contained a provision stating that the policy was effective for a certain yearly period, and was renewed from year to year in accordance with its terms and provided that the insurance of any employee covered under the policy shall "end on December 24 next following the date of the termination of his employment with the employer." In May of 1940, the Centralia business of the Central Illinois Public Service Company was discontinued and the plant was sold to the employees (including Crutchfield), who continued the operation of the plant. The employees entered into no group insurance arrangement with the defendant insurance company, but, in accordance with the provisions of the insurance certificates, arranged with the employer "to have the insurance continue in force until December 24 next following such termination of employment," which would be December 24, 1940. On December 12, 1940, Andrew Crutchfield, while actively engaged in the continuance of the business which was purchased by him as one of the employees to whom the Central Illinois Public Service Company sold the business, suffered a heart attack, from which he did not recover. Crutchfield died on December 29, 1940. No application was made by him at any time, either on, prior to, or after December 24, 1940, for further insurance from defendant insurance company. On January 18, 1941, the plaintiff made demand upon the insurance company for issuance "of a straight life insurance policy in favor of Andrew W. Crutchfield for the total amount of $4500.00." Upon refusal of defendant insurance company to issue such policy, plaintiff instituted the present action, praying for judgment for $4,500, with interest, attorney fees, etc. All of the facts are set forth in plaintiff's complaint and amendments thereto.

Defendant attacked the legal sufficiency of the complaint as amended, by motion to dismiss, and to strike the complaint. The motion to strike was allowed, and plaintiff elected to stand by her complaint. The court below dismissed plaintiff's action.

On appeal in this court, plaintiff contends that upon the allegations of the complaint she is entitled to recover on the theory either that (1) The insurance was in effect at the time of the death of the insured; (2) That the insured was wholly incapacitated at the time the defendant contends the insurance expired and was unable to exercise his ''conversion privilege''; (3) That the certificates of insurance provided that insured may obtain ''a policy of life insurance'' without medical examination, upon application made within 31 days after the date of termination of such insurance; and (4) That under the 1940 Ill. Rev. Stat., ch. 73, pars. 842 and 843 [Jones Ill. Stats. Ann. 66.905, 66.906], the insurance was in full force and effect at the time of the death of the insured, Andrew W. Crutchfield. The defendant contends that by the express terms and provisions of the certificates and the group life insurance policy, the insurance on the life of Crutchfield expired December 24, 1940, and was wholly ineffective at the time of his death, which occurred on December 29, 1940, and further, that the right to ''obtain, without medical examination, a new and individual policy of life insurance'' did not survive his death and cannot be exercised by his widow, the plaintiff in this case.

In the instant case, under the admitted facts as shown by the pleadings, Crutchfield's employment with Central Illinois Public Service Company was voluntarily and unquestionably terminated in May 1940. The group policy under consideration provides in bold type under the designation ''Termination of Insurance'' that the insurance of any employee covered thereunder should end on December 24 next fol-

lowing the date of his termination of employment with the employer.

Contracts of insurance, while they are required to be liberally construed in favor of the insured, must be construed according to the sense and meaning of the terms which the parties have used, and if such terms are clear and unambiguous, are to be so construed and enforced (*Zitnik v. Burik,* 395 Ill. 182, 186; *Moscov v. Mutual Life Ins. Co. of New York,* 387 Ill. 378, 383). It is apparent that the group insurance upon the life of the deceased expired December 24, 1940, and was not in force at the time of his death (*Howard v. Aetna Life Ins. Co.,* 329 Ill. App. 248, 253).

The group or master policy in the instant case contains a provision that in the event of the insurance terminating under this certificate because of the termination of the employment with the employer, the employee has the right, upon written application and payment of the required premium to the company within 31 days after the date of the termination of such insurance, to obtain, without medical examination, a new and individual policy of life insurance. This 31-day-option period, during which the former employees were entitled to a new and additional policy of life insurance did not operate to extend the life insurance protection of the insurance referred to in the group policy for such 31-day period. The provision contains no language which indicates a continuance of the group life insurance upon December 24, nor does it provide for a conversion of the existing insurance into a new type of insurance, but it specifically provides that after the termination of the group insurance, a former employee, by certain affirmative acts, can obtain a new and individual policy of insurance.

Crutchfield died within the 31-day period, without having elected to obtain such new and additional policy of insurance. The privilege of obtaining such

new and additional policy of insurance extended to Crutchfield alone, and did not survive his death *(Howard v. Aetna Life Ins. Co., supra)*. It could not be exercised by the plaintiff, who was the beneficiary named in the group insurance certificates.

Under a 1947 amendment to par. 843, ch. 73 of Ill. Rev. Stat. [Jones Ill. Stats. Ann. 66.906], it is now provided that if the insured dies during the period when he would have been entitled to have a policy issued to him, the amount of the insurance shall be payable as a claim, whether application has been made or the premium paid, but as the law existed in 1940 that was not the case. By the terms of the policy under consideration the insurance on the life of Crutchfield expired December 24, 1940, by the express terms of the group certificates and master policy, and it was not by reason of any cancellation or forfeiture conditioned upon formal notice by or from the insurance company or the former employer, so that notice was not required under the provisions of Ill. Rev. Stat. ch. 73, par. 846 [Jones Ill. Stats. Ann. 66.909].

We have not overlooked the contentions which were presented relating to construction of a so-called "conversion privilege." We believe those contentions are not applicable in view of the conclusion of this court as expressed in this opinion, nor do we believe that the contentions of plaintiff as to the construction of a "grace period" provision are applicable so as to justify this court in extending the life insurance coverage to cover the death of Andrew Crutchfield, or in permitting the plaintiff to exercise the option to obtain a "new and individual" policy of life insurance, which we have concluded expired with the death of Andrew Crutchfield. We do not believe we would be justified in distorting or interpreting the language of the certificates and group policy so as to produce a result which the legislature fixed by amendment of par. 843, ch. 73 in 1947 [Jones Ill. Stats. Ann. 66.906].

We are, therefore, compelled to conclude that the court below properly sustained the motion to strike the complaint. The judgment of the circuit court of Marion county will, therefore, be affirmed.

*Judgment affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.