[Civ. No. 18451.   Second Dist., Div. Two.   Oct. 30, 1951.]

ADA EVELYN JUHL, Respondent, v. JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY (a Corpora-
tion), Appellant.

Meserve, Mumper & Hughes for Appellant.

Erb, French & Picone for Respondent.

WILSON, J.—From a judgment in favor of plaintiff in an
action to recover death benefits under a certificate of insurance
defendant appeals.

There is no dispute as to the facts.   The certificate of insur-
ance was on the life of George Juhl and was issued under and
subject to the terms of a group insurance policy issued to
Walter B. Bowie, his employer.   Juhl's wife, plaintiff herein,
was named as beneficiary.   The certificate and the group in-

surance policy were both in effect on December 31, 1946, at which time Juhl terminated his employment with Walter Bowie. Both the certificate[1] and the group policy[2] specified that the insurance of the employee automatically ceased with the termination of employment. Each of them also provided that in the event of termination of employment the employee was entitled to have issued to him, without evidence of insurability, upon application made to the company within 31 days after termination of employment, and upon the payment of the premium, a life insurance policy, the converted policy

---

[1]The pertinent provisions of the certificate of insurance are as follows:

"Termination of Insurance

"The insurance provided for by said Group Life Policy automatically terminates upon the discontinuance of the said policy by the Employer, or with the termination of employment with the said Employer . . .''

"Conversion Privilege

"In the event of termination of employment for any reason whatsoever of an Employee insured under said Group Policy, the Employee shall be entitled to have issued to him by the Company without evidence of insurability, and upon application made to the Company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Company, except term insurance, in an amount not greater than the amount of his insurance under said Group Policy at the time of such termination; insurance under the converted policy to be in force and effective upon delivery of the policy and payment of the premium, but in no event prior to the discontinuance under said Group Policy of the insurance of the Employee so applying.''

[2]The Group Life Policy provides in part:

"Discontinuance of Individual Insurance. The insurance of an Employee shall automatically cease when he fails to make the required contribution for his insurance to the Employer, or when his employment with the Employer shall terminate . . .''

"Conversion Privilege. In the event of termination of employment of any employee insured hereunder for any reason whatsoever, the employee shall be entitled to have issued to him by the Company without evidence of insurability, and upon application made to the Company within thirty-one days after termination of employment as defined herein, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Company, except term insurance, in an amount not greater than the amount of his insurance under this policy at the time of such termination; insurance under the converted policy to be in force and effective upon delivery of the policy and payment of the premium, but in no event prior to the discontinuance under this policy of the insurance of the employee so applying. The Company shall, upon the discontinuance of the insurance hereunder on any employee because of termination of employment be released from all liability on account of such employee unless and until such an individual policy is issued, except as provided hereunder under the heading 'Discontinuance of Individual Insurance.' ''

to be in force and effective upon delivery of the policy and payment of the premium.

Juhl had not made application for the issuance of a life insurance policy pursuant to the conversion privileges provided for in the group policy and the certificate prior to his death on January 28, 1947, as the result of injuries sustained in an automobile accident.

On the date of Juhl's death the group insurance policy was in full force and effect. The only question to be deter-mined is whether by virtue of the conversion clause the insurance coverage as to Juhl continued for a period of 31 days beyond the date of the termination of employment and was in effect at the time of his death.

We have not been cited any cases in California construing like or similar provisions in insurance policies and our research has disclosed none. The question has, however, been determined in a number of other jurisdictions and with the exception of Oklahoma the courts have uniformly held that the privilege of conversion within 31 days after termination of the insurance does not of itself operate to keep the insurance in force but constitutes an option, of which the employee may or may not avail himself, to obtain individual insurance with-out evidence of insurability upon application timely made. (*Cutledge* v. *Aetna Life Ins. Co.*, 53 Ga.App. 473 [186 S.E. 208] ; *Aetna Life Ins. Co.* v. *Catchings*, 75 F.2d 628; *Schooley* v. *Metropolitan Life Ins. Co.*, (Tex.Civ.App.) 77 S.W.2d 886; *Aetna Life Ins. Co.* v. *Carroll*, 188 Ark. 154 [65 S.W.2d 25] ; *Missouri State Life Ins. Co.* v. *Hinkle*, 18 Tenn.App. 228 [74 S.W.2d 1082] ; *English* v. *Metropolitan Life Ins. Co.*, 300 Mass. 482 [15 N.E.2d 804] ; *Szymanski* v. *John Hancock Mutual Life Ins. Co.*, 304 Mich. 483 [8 N.W.2d 146, 145 A.L.R. 947] ; *Roy* v. *Aetna Life Ins. Co.*, (Tex.Civ.App.) 191 S.W.2d 498; *Fearon* v. *Metropolitan Life Ins. Co.*, 138 Misc. 710 [246 N.Y.S. 701] ; *Equitable Life Assurance Soc.* v. *Yates*, 288 Ky. 309 [156 S.W.2d 128] ; *Young* v. *General American Life Ins. Co.*, (Ohio App.) 41 N.E.2d 895; *Crutchfield* v. *Continental Assur. Co.*, 336 Ill.App. 411 [84 N.E.2d 333] ; *Adkins* v. *Aetna Life Ins. Co.*, 130 W.Va. 362 [43 S.E.2d 372].)

■ In the instant case the certificate expressly provides that it is issued "under and subject to the terms and conditions of" the group policy. Each provides that the insurance shall automatically cease with the termination of employment and each contains the conversion clause which provides that the converted policy is "to be in force and effective upon delivery of the policy and payment of the premium, but in no

event prior to the discontinuance under this policy of the insurance of the employee so applying." The group policy further provides: "The Company shall, upon the discontinuance of the insurance hereunder on any employee because of termination of employment be released from all liability on account of such employee unless and until such an individual policy is issued . . ." Plaintiff asserts there is no evidence that Juhl had any knowledge of this latter clause which does not appear in the certificate which he had in his possession. This contention is without merit since the certificate does provide that it is issued under and subject to the terms of the group policy. Moreover, although the additional clause makes more explicit the intention of the parties, taking into consideration only the provisions which are common to both the certificate and the group policy, there is no language in either which could be construed as extending the insurance coverage 31 days or until such time as the converted policy becomes effective.

It is undoubtedly true, as pointed out by plaintiff, that through no fault of his own an employee will be uninsured for the period of time between the termination of his employment and the time in which he can make application for and have a new policy in effect but, as the court stated in *Cutledge* v. *Aetna Life Ins. Co.*, 186 S.E. 208, 210, *supra*: "If it had been the intention of the parties to extend the coverage of insurance during the thirty-one days in which the insured might apply for an individual certificate, such language as is commonly used with reference to grace period of thirty-one days for payment of premiums that, during such time 'the policy will remain in full force and effect,' could have been easily employed. As the contract stands, it is apparent that upon termination of employment, the insurance coverage ceased."

In addition to three Oklahoma cases, which are contrary to the weight of authority, respondent has cited *Powell* v. *Equitable Life Assurance Soc.*, 173 S.C. 50 [174 S.E. 649], and *Emerick* v. *Connecticut Gen. Life Ins. Co.*, 120 Conn. 60 [179 A. 335, 105 A.L.R. 413], in support of his contention that the 31-day period constitutes a "grace period" during which the insurance coverage is continued. In the Powell case the only issue was whether there had been a termination of employment, the court holding that there had not been. In the Emerick case the employee was temporarily laid off. The employer subsequently terminated the employment, noti-

fying the insurance company but failing to notify the employee either of the termination of employment or of the cancellation of his insurance. The court held that "termination of employment" as it was used in the policy meant termination of which the employee had knowledge and that therefore there had been no termination of employment prior to the employee's death.

Judgment reversed with instructions to enter judgment for defendant.

Moore, P. J., and McComb, J., concurred.