DE PAUW et al.

v.

AETNA LIFE INS. CO.

No. 6708.

Court of Civil Appeals of Texas. Texarkana.

May 6, 1954.

Rehearing Denied June 3, 1954.

under group policies issued to C. E. Palmer Interests, which included Texarkana Newspapers, Inc., the employer of John F. Martin. Mattie Martin was named the beneficiary under the policy. After the death of John F. Martin she married J. M. DePauw, also a party to the suit. Appellants were denied a recovery in the trial court.

The group policies were issued to the employer as of February 14, 1949, and the certificate to Martin was issued as of May 21, 1951. On November 24, 1951, Martin ceased to work for his employer. On December 28, 1951, he died. The premiums on the certificate were paid by both the employer and the employee Martin. Martin's portion of the premiums were deducted from his pay each week. The evidence shows that two weeks' premiums were collected in advance from Martin. The evidence further shows that the employer on December 1st, 1951, sent to appellee insurance company a written insurance cancellation notice with respect to Martin, which notice shows under "(A) Date Employment Terminated—11/24/51," and shows under "(B) Cancellation Date—11/24/51."

Appellant's first point is as follows: "The evidence showing that at the time of the death of John F. Martin, the insured, he was not in default in the payment of the premiums on his policy of insurance, and that the policy was in full force and effect." Appellant's second point is: "The evidence showing that the appellee had collected and retained, and had not returned premiums on said policy of insurance, which premiums paid said policy up for two (2) weeks from November 24, or until December 8, 1951, and appellant having thirty-one (31) days in which to pay the next premium due, said policy was in effect until January 8, 1952, and at the time of the death of John F. Martin, on December 28, 1951."

Brown & Brown, Texarkana, for appellants.

Robert S. Vance, Atchley & Vance, Texarkana, for appellee.

FANNING, Justice.

Mattie Martin, widow of John F. Martin, deceased, sued appellee to recover on a certificate of group life insurance for the sum of $2,000 issued to said John F. Martin

Appellee contends, among other things, that the policy was not in full force and effect on the date of the death of Martin.

One provision of the certificate in question provides as follows: "In the event any employee fails to make the required contribution for the insurance under this pol-

icy, the insurance of such employee will automatically cease at the end of the period for which contribution is made."

Another provision of said certificate provides as follows: "Insurance of any employee will automatically cease thirty-one days after termination of employment, except as hereinafter provided. Cessation of active work by an employee shall be deemed termination of employment; except that if an employee is absent on account of sickness or injury, or is temporarily laid off, granted leave of absence, pensioned or retired, employment shall be deemed to terminate when premiums for such employee's insurance are discontinued, but in any event employment shall be deemed to terminate not later than two months following cessation of active work when a lay-off or leave of absence exceeds a two months' period. Upon request of the employer, the company may, however, agree in writing to allow the insurance of an employee to be continued for an additional number of months during lay-off or leave of absence." Under the facts in the case at bar none of the exceptions stated in this provision applied to John F. Martin.

The group insurance policies and certificate in question were issued prior to the effective date of the new Insurance Code and article 350 et seq., V.A.T.S. Art. 4764a, V.A.T.C.S., the substantive law in force at the time of the contract between the parties, does not provide for a grace period. Sec. 2(4) of art. 4764a provides, among other things, that a policy of group insurance shall not be issued unless it contains provisions for conversion of insurance by employee within thirty-one days after termination of employment, upon application by the employee. The certificate issued to Martin contains such a provision; however Martin never did apply for the conversion of such insurance.

Appellants also contend that the provisions of sec. 2 of article 4732, V.A.T.C.S., V.A.T.S. Insurance Code, art. 3.44, which requires that policies of life insurance issued in this state must contain a one month grace period, etc., is applicable to this case and must be read into the certificate and policies in question.

■ In Roy v. Aetna Life Ins. Co., Tex. Civ.App., 191 S.W.2d 498, writ refused, plaintiff contended that the group insurance continued in force thirty-one days following the termination of the deceased's (insured's) employment by reason of the provisions of the policy and by reason of the state statutes allowing such a grace period under certain conditions; in this case the court stated: "The provisions of the policy are similar to those considered in Schooley v. Metropolitan Life Ins. Co., Tex.Civ.App., 77 S.W.2d 886; and Lewis v. Connecticut General Life Ins. Co., Tex.Civ.App., 94 S.W.2d 499, writ refused. Without repeating what is said in those cases, we hold that plaintiff's contentions just mentioned are not supported by the Texas decisions. For decisions from other jurisdictions to the same effect, see the annotation in 145 A.L.R. 951, and previous annotations there referred to. Plaintiff also contends that the policy was in force at the time of her husband's death by reason of there being sufficient accumulation of excess premiums to pay the cost of extended insurance. Art. 4732, secs. 6 and 7. The group policy in question is clearly term insurance, and does not therefore come under the terms of the cited statute. Gilley v. Missouri State Life Ins. Co., 116 Tex. 43, 273 S.W. 825, 285 S.W. 807."

In Lewis v. Connecticut Gen. Life Ins. Co., Tex.Civ.App., 94 S.W.2d 499, 503, writ refused, the contention was made that plaintiff, whose employment had been terminated, had thirty-one days grace under a group policy to make payment of further premiums, during which time the policy was in force. The court in passing on this contention, stated: *"Furthermore, this not being a case of lapse of insurance for failure to pay premiums, but of termination of the insurance in accordance with the provisions of the policies, it is not believed that the 31 days of grace claimed by appellant has application.* Appellant failing to

avail himself of the right, under the provisions of the policies, to extend, convert, or renew the insurance, the days of grace for the payment of premiums add nothing to the strength of appellant's claim. Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S.W.2d 25; Schooley v. Metropolitan Life Ins. Co., Tex.Civ.App., 77 S.W.2d 886; Missouri State Life Ins. Co. v. Hinkle, 18 Tenn.App. 228, 74 S.W.2d 1082; Aetna Life Ins. Co. v. Catchings, 5 Cir., 75 F.2d 628." (Emphasis added.)

In Schooley v. Metropolitan Life Ins. Co., Tex.Civ.App., 77 S.W.2d 886, 887, the group policy provided that upon termination of employment, the insurance of the discontinued employee terminated automatically as of the last day of the insurance month during which termination of employment occurred, and the policy also provided a privilege for the discontinued employee to apply for an individual policy, within 31 days after his employment had terminated. Plaintiff in this case contended said 31 day provision (in which he could apply for an individual policy) automatically extended the group insurance protection for a period of 31 days. The court, in passing on this contention, stated: "The contention is not sustained, because the group policy expressly provided that, if the employee were discharged for any reason, the group policy protection would continue only until the last day of the insurance month during which his employment terminated; that each insurance month terminated on the last calendar day of each month; and that monthly premiums became due and payable on the last day of each month. Since the agreed and undisputed facts showed that Schooley's employment ended August 12, 1930, * * * it is manifest that protection under the group policy had terminated prior to the death of the insured, *because the group policy expressly provided that its protection would continue only until the last day of the month during which the employment terminated;* and this suit is for recovery upon the group policy." (Emphasis added.)

Under the above authorities we hold that the policy in question was not in full force and effect at the time of the death of John F. Martin.

■ Appellants further contend that the provisions hereinbefore quoted of the policy (and other provisions of the policy) are invalid because (1) there was no evidence to show that these provisions (or the policies in question) were ever approved by the Life Insurance Commissioner of Texas, and (2) if same had been approved by the Life Insurance Commissioner same were invalid because repugnant to Articles 4764a and 4732. There are neither pleadings nor proof that the policies in question were not approved or were not authorized by the Life Insurance Commissioner. Appellants also did not object to the introduction of the policies in evidence on the ground that they had not been approved by the Life Insurance Commissioner, or make any objections thereto, but in fact introduced the policies in evidence on behalf of appellants. Under the record we cannot assume that the policies which appellants sued on were not approved or were not authorized by the Insurance Commissioner. We also think that none of the policy provisions in question are repugnant to any provisions of article 4764a. Also under the authorities cited above article 4732 is inapplicable to the questions involved here. We respectfully overrule all of appellants' contentions.

Having overruled all of appellants' contentions we deem it unnecessary to pass upon appellee's contention that the evidence was sufficient to sustain the trial court's implied finding of fact that the insured made fraudulent misrepresentations material to the risk involved in his application and/or statement of insurability.

The judgment of the trial court is affirmed.