**TRAVELERS INSURANCE COMPANY**

v.

**Nell BREWER.**

No. 7084.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 16, 1961.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellee.

DENTON, Chief Justice.

Nell Brewer, appellee, surviving wife and beneficiary of F. M. Brewer, deceased, brought this suit against appellant, The Travelers Insurance Company, for accidental death benefits and medical and hospital expenses under a group insurance policy. Trial was to a jury and based on the jury's answer to the one special issue submitted, the trial court entered judgment for the plaintiff below.

Brewer had been a motor grader operator for Gilvin-Terrill, Inc., a construction company, for several years. Travelers issued group insurance policy No. GA 22738 to Gilvin-Terrill for certain benefits to its employees. Monthly premiums were paid to the insurance company by the employer based upon the number of its employees during that payment period. Brewer was discharged by his employer on April 4, 1960, and was killed in an automobile collision on April 22, 1960. Brewer was an insured employee of Gilvin-Terrill under the group policy above referred to at the time he was discharged. These material facts are either admitted by answers to requests for admissions or uncontroverted. In response to the only special issue submitted, the jury found Brewer was totally disabled by bodily injury or disease so as to prevent him from engaging in any occupation or employment for remuneration or profit from April 4, 1960 until his death on April 22 of the same year. Appellant by brief now accepts this jury finding as true for the purposes of this appeal.

The controlling question to be determined is whether or not Brewer was insured under the group policy in question from the time he was discharged to the date of his death. To decide this question we must look to the material provisions of the policy. These material provisions are as follows:

"Article III—Termination Of Insurance

"Section 1. Employee And Dependents Insurance:

"(I) Except as hereinafter provided in this Article, all insurance on any Employee covered hereunder shall terminate at the earliest time specified below:

"a. * * *

"b. * * *

"c. When he shall leave the service of the Employer, be dismissed therefrom, or be pensioned or retired.

"d. * * *

"(II) Subject to the payment of premium by the Employer, insurance may be continued in force during the continuance of the group policy as follows:

"a. In any case where an Employee at the time of cessation of active work shall be insured and shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for remuneration or profit, all insurance may be continued during the continuance of such disability.

"b. * * *

"Article IV—Premiums

"Section 1. Premium Rates * * *

"Section 5. Grace Period

"If the Employer has not given written notice to the Company that the policy is to be discontinued, a grace of Thirty-one days during which the policy will remain in full force will be allowed for the payment of any premium after the first, provided that if the Employer shall fail to pay such premium, the Employer shall pay a pro rata premium for the period between the last premium due date and the date of written notice by the Employer that the insurance will not be continued, or for the days of grace if the Employer shall fail to give such notice before expiration of the days of grace."

Appellee takes the position the lower court's judgment is correct on the ground Brewer's total disability from the date of his discharge until his death extends the coverage to the latter date under Art. III, Sec. I and Sec. II(a) of the policy; and for the additional reason his death came within the thirty-one days grace period set out in Art. IV, Sec. 5. On the other hand, appellant contends that under these same provisions of the policy the insurance terminated as to Brewer and his beneficiary on the date of his discharge, and that the grace period provision has no application in the instant case.

The thirty-one days grace period provided for in the policy cannot be con-strued to extend the coverage as to Brewer's beneficiary. That section simply prevents the lapse of the policy for the non-payment of premiums by the employer for a period of thirty-one days. The policy contains no provision whereby the employee may convert the insurance into an individual policy. We are not concerned with a case of the lapse of the policy for the non-payment of premiums, but a termination of the insurance as to one employee under the group policy.

The overwhelming majority of the cases have held that a clause in a group insurance policy, the coverage of which ceases upon termination of employment, which prescribes a grace period of specified duration for the payment of premiums does not extend the coverage of an employee insured under such policy after the termination of his employment. 68 A.L.R.2d, Sec. 78, p. 127 explains this rule in the following language:

"The above rule is not affected by an additional statement in the provision for a grace period that during such period the policy shall remain in force. This is so because, according to the reasons given by the courts, the provision for a grace period is personal to the employer and does not have the effect of extending the insurance of the employee for such time, its purpose being only to extend the time for paying of premiums and not to extend the period of coverage after the termination of employment."

Texas courts have consistently adopted this view. Lewis v. Connecticut Gen. Life Ins. Co. (Tex.Civ.App.) 94 S.W.2d 499 (writ refused); Schooley v. Metropolitan Life Ins. Co. (Tex.Civ.App.) 77 S.W.2d 886 (no writ history); De Pauw v. Aetna Life Ins. Co. (Tex.Civ.App.) 268 S.W.2d 734 (no writ history). We therefore conclude the thirty-one days grace period provided for in Art. IV, Sec. 5 is not applicable and does not extend the insurance coverage to the appellee.

 

 Being of the opinion the grace period has no application in supporting appellee's claim, we must look to the material provisions of Art. III of the policy to determine whether or not the insurance had terminated. It is uncontradicted that Brewer's employer paid the insurance premiums on a monthly basis, and that the last premium period while Brewer was an employee was for the period from March 8, 1960 until April 8, 1960. Brewer's coverage under the policy was cancelled by his employer on April 9. This procedure was carried out by the employer making certain notations on an appropriate employee card and by the contents of its monthly report to the insurance company. The policy expressly provided that the policy's coverage would terminate at the earliest time specified. One of these contingencies was the dismissal of an insured employee from the employer's service. That Brewer was discharged for drinking on the job on April 4, 1960 is not contradicted. Coverage under the policy would therefore terminate on April 4 unless Subdivision 2 of Sec. 1, Art. III of the policy applies. That Subdivision provides that coverage *may* be continued after the dismissal of the employee if two requirements are met: (1) if the employer pays the premium and (2) if the discharged employee is wholly disabled to the extent he is prevented from engaging in any employment for remuneration or profit. If both of these conditions are met the insurance may be continued during the period of such disability. Although Brewer was found to be wholly disabled from the date of his discharge until his death eighteen days later, it is uncontradicted that the employer did not pay the premium to provide coverage to Brewer after his discharge and during the period of his disability. This conclusion is borne out by the fact the employer reduced the number of employees insured under the policy when it submitted its next monthly report to Travelers. The premium payment was accordingly reduced to conform to the number of employees reported for the period from April 8 to May 8, 1960. It is therefore clear that the employer elected to terminate Brewer's coverage under the group policy. These factors when taken in connection with the unambiguous language of the material provisions of the policy leads us to the conclusion the insurance coverage terminated as to the deceased and his beneficiary on the last day of the premium payment period—April 8, 1960. Mr. Brewer's death and the hospitalization and medical expenses occurred after this time, therefore the insurance company cannot be held liable for such benefits.

The judgment of the trial court is therefore reversed and judgment is here rendered for the appellant. Reversed and rendered.