Shirley E. HENDERSON, individually, and Shirley E. Henderson, Administratrix of the Estate of Donald G. Henderson, Deceased, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, Defendant.

Civ. A. No. 25433.

United States District Court
E. D. Michigan, S. D.

Feb. 17, 1965.

---

8. In the jargon of the elite (ICC practitioners), it bears this descriptive.

Charles E. Raymond, Wyandotte, Mich., Vivian Lynch Rubin, Detroit, Mich., of counsel, for plaintiff.

Dickinson, Wright, McKean & Cudlip, John E. S. Scott and Henry C. Cashen, II, Detroit, Mich., for defendant.

MACHROWICZ, District Judge.

In this action for recovery of proceeds of a certificate of insurance under a group insurance policy, both sides filed motions for summary judgment.

Facts were stipulated. The only issue before the Court is whether, under the terms of the policy, the insurance policy was in effect on the date of death of the named insured.

Donald G. Henderson, husband of plaintiff Shirley E. Henderson, became an employee of defendant company in March, 1963. A certificate of insurance upon his life was issued to him at that time under defendant's group contract of insurance making insurance protection available to its own qualifying and participating employees. Plaintiff was named beneficiary in the certificate of insurance as wife of the insured.

Donald Henderson resigned from this employment a little over nine (9) months later. The effective date of the resignation was January 3, 1964. On January 27, 1964 he was involved in an automobile accident in which he sustained severe injuries and as a result thereof remained in a comatose state from the date of injury to the date of his death on February 15, 1964.

The policy of insurance under consideration contains the following clauses as to termination of insurance and privilege of conversion:

"TERMINATION OF INSURANCE

"The insurance on the Employee will automatically terminate if his employment with the Employer terminates, or if the Employee fails to make, when due, any contribution towards the payment of premiums, or if the Group Policy terminates."

"CONVERSION PRIVILEGE

"If all of the Employee's insurance under the Group Policy terminates because of termination of employment, the Employee will be entitled to convert all or part of his insurance, without evidence of insurability, to an individual policy of life insurance, provided written application and the first premium payment are made to the Insurance Company within thirty-one days from the date of termination of employment. The individual life insurance policy may be upon any of the forms then

customarily being issued by the Insurance Company other than term insurance, except that any amount of insurance for which the Policy provided the 'Extension of Death Benefit No. 1' or the 'Extension of Death Benefit No. 2' may not be converted to an individual policy containing disability benefits. The premium for such individual policy will be based upon the Insurance Company's rate applicable to the occupation and attained age of the Employee on the effective date of the individual policy."

\* \* \* \* \* \*

"Any individual policy issued under the provisions of this section will take effect at the end of the thirty-one day period during which application for the policy may be made, and will be in place of all benefits under the Group Policy with respect to the insurance terminated. Conversion of insurance or payment of claim under the individual policy will not, however, preclude the establishment of rights under the provisions of the section 'Extension of Death Benefit', provided all the conditions of that section are fulfilled within the required time and such rights are taken in exchange for all benefits and payments under the individual policy except for a refund of premiums."

No attempt was claimed to have been made by plaintiff's decedent, before the date on which he sustained injuries, to exercise the right of conversion to an individual policy of life insurance, but a few days still remained for exercise of such privilege at the time of the accident.

■ Plaintiff concedes that under the Termination of Insurance clause the termination of employment effects termination of insurance coverage. She further concedes that a clause granting the privilege of conversion upon termination of employment does not, in and of itself, extend coverage during the period in which conversion may be affected. This is in accordance with the weight of authority, including decisions of the Supreme Court of Michigan. Szymanski v. John Hancock Mut. Life Ins. Co., 304 Mich. 483, 8 N.W.2d 146, 145 A.L.R. 947 (1943). It is contended on her behalf, however, that the Conversion Privilege clause in the policy here under consideration differs, in significant respects, from conversion privilege clauses heretofore construed by the courts, and that such clause, together with two additional clauses in this policy, modify the Termination of Insurance clause so as to extend coverage not only during the thirty-days allowed for exercise of the conversion privilege but to the date of death of plaintiff's decedent. Pertinent portions of the two additional provisions read as follows:

*"INSURANCE PROTECTION DURING CONVERSION PERIOD*

"If the Employee is entitled by the terms of the Group Policy to convert all or part of his insurance to an individual policy in accordance with the provisions of the section 'Conversion Privilege' but dies during the thirty-one days the conversion privilege may be exercised, the amount of insurance which might otherwise have been converted will be paid as a claim under the Group Policy, whether or not application for conversion has been made."

*"EXTENSION OF DEATH BENEFIT*

"If the Employee, while less than sixty-five years of age and while insured under the Group Policy, becomes totally disabled from bodily injury or disease so as to be wholly prevented from performing any work or engaging in any occupation for remuneration or profit, and if the Employee dies within one year after discontinuance of premium payments for his insurance and while remaining continuously so disabled, then upon due proof of such disability and death the Insurance Company will pay under this section the

amount of insurance stated below, unless claim is otherwise established because the Employee died within thirty-one days following termination of insurance."

Plaintiff terms as unique certain provisions of this policy absent in policies heretofore construed by courts. One of these is the provision in the clause entitled "Insurance Protection During Conversion Period" to the effect that in case of death of the insured during the conversion period the amount of the claim which might have been converted *will be paid as a claim under the Group Policy*. Other policies, plaintiff contends, contained conversion privilege provisions but not provisions for payment of insurance, without exercise of the conversion privilege, in case of death during the conversion period. Particular significance is attributed to the italicized words as to payment under the group insurance policy. By virtue of these differences in policy terms plaintiff evolves the theory that it was the plain intent of the insurance contract to provide coverage during the conversion period. Since coverage was extended during that period, she further argues, and since the insured became incapacitated *while he was insured under the Group Policy*, the "Extension of Death Benefit" clause carried coverage for the additional period to the date of death of the insured, which admittedly occurred after the termination of the extended period. By the same process of reasoning plaintiff ascribes potency to the rider providing for double indemnity. To resolve any ambiguity in the insurance contract plaintiff invokes the well established rule of interpretation of insurance contracts that ambiguous provisions should be construed most favorably to the insured.

The nature of group insurance contracts is discussed in Hawthorne v. Metropolitan Life Insurance Co., 285 Mich. 329, 280 N.W. 777 (1938). The following is an excerpt from that decision:

"Group insurance policies are issued to the employer to insure employees. One who is not an employee is not insurable. The employee is entitled to coverage under the certificate issued to him only while he remains in the employ of the employer and upon payment at the beginning of each month of the premium upon the insurance policy. * * * No recovery may be had upon an insurance policy for the death of one who has been an employee of the insured under a group policy after the termination of his employment * * * except in strict compliance with the terms of the policy. * * * The very purpose of the group insurance is to safeguard or provide for employees. It would be unreasonable to conclude the policy would inure to the benefit of those who have ceased to be employees. The courts have repeatedly given effect to provisions in policies providing for automatic discontinuance." * * *

"Recovery must be based upon the contract. We cannot, under the guise of construction, reform a policy of insurance or write a new insurance contract."

(The indicated omissions are citations of authority).

The clause for Termination of Insurance is clear as to termination of insurance coverage upon termination of employment. It will "automatically terminate if his employment with the employer terminates * * *." The "Conversion Privilege" clause is equally free from ambiguity. Under that clause, inserted in the policy pursuant to statutory requirements (Sec. 24.14438 M.S.A. [Comp.Laws 1948, § 500.4438, Pub.Acts 1956, No. 218]), the insured was afforded an opportunity to convert, without evidence of insurability, and within thirty-one (31) days from the date of termination of employment, any or all of the insurance under the group policy to an individual life insurance policy with the exceptions noted in such clause, particularly the exceptions under the "Extension of Death Benefit" clauses providing disability benefits. The conversion priv-

ilege was not exercised during the lifetime of plaintiff's decedent.

■ An unexercised conversion privilege becomes valueless, even though the insured, by reason of total disability occurring during the period for conversion, is prevented from exercising the privilege. In Crutchfield v. Continental Assurance Co., 336 Ill.App. 411, 84 N. E.2d 333 (1949) the court held, in denying recovery, that the conversion privilege does not survive the death of the insured even though he becomes incapacitated and is unable to exercise such privilege.

Nor is there uncertainty in the clause entitled "Insurance Protection During Conversion Period". As one of the exceptions to non-insurability under a group insurance policy of persons who cease to be employees, the insurance contract makes provision for payment of insurance under the circumstances there stated—death of the former employee during the conversion period, whether or not application for conversion has been made. The conditions necessary for availment of this provision are not present in the instant suit. Under that clause payment of the amount of insurance *which might otherwise have been converted* will be paid as a claim under the Group Policy, whether or not *application* for conversion has been made. Obviously, if an application matured into an individual policy, payment would be effected under the new policy. In the event of an application only, or in the absence of even an application, the method of payment is specified in the clause.

Coverage under the group policy must terminate in order for the Conversion Privilege clause to become operative, thus the Conversion Privilege cannot have the effect of continuing the group policy in force during the conversion period, unless such coverage is clearly provided for in the insurance contract as an exception to non-insurability under a group insurance policy of persons who cease to be employees.

Extension of claimed coverage under the "Extension of Death Benefit" provisions, due to total disability, is dependent upon the existence of coverage on the date the disability occurs. To recover under this clause the disability must occur "while insured under the policy", not only under the clear language of this provision but under authorities interpreting similar provisions. Metropolitan Life Ins. Co. v. Quilty, 7 Cir., 92 F.2d 829; White v. Equitable Life Assurance Society, 181 Pa.Super. 586, 124 A.2d 174 (1956). See also Annot., 68 A.L.R.2d 8, 104.

■ The entire insurance contract must be considered to determine the full extent of insurance coverage but each clause must also be considered separately, in relation to the subject covered, not in relation to a provision concerning a separate and distinct subject.

■ This Court finds no ambiguity in any of the provisions on which plaintiff relies as supplying insurance coverage to the date of death of the named insured in the certificate of insurance involved in suit. Conditions necessary to supply coverage beyond the period of employment have not been met, no coverage was afforded during the conversion period and none thereafter and until the date of death, since the disability did not occur while Donald G. Henderson was insured under the terms of the group insurance policy.

For reasons herein stated defendant's motion for a summary judgment of no cause of action in its favor must be granted. An order consistent with the views expressed in this opinion may be presented for signature and filing.